UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) Civil Action No. 05-1878 (RBW) |
| | ) |
| GEORGE BUSH, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND
MOTION FOR LEAVE TO FILE MOTION TO DISMISS**

      Defendant George Bush, President of the United States, through counsel, hereby opposes plaintiff's motion for default judgment [Pl.'s Mot./Dkt. 6.] and pursuant to Rule 55 of the Federal Rules of Civil Procedure, defendant respectfully moves to vacate the entry of default. Additionally, defendant in the above-captioned case hereby moves, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, for leave to file defendant's motion to dismiss. The grounds for this motion are set forth in the accompanying Memorandum in Support. A proposed order is attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-1878 (RBW) |
| | ) |
| GEORGE BUSH, | ) |
| | ) |
|        Defendant. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE DEFAULT
AND MOTION FOR LEAVE TO FILE MOTION TO DISMISS**

Plaintiff has secured an entry of default by the Clerk as Docket Entry No. 7. According to the Certificate of Service, plaintiff served the United States Attorney's Office for the District of Columbia with the pending Motion for Default Judgment on December 14, 2005. PACER indicates that the Clerk entered an entry of default on December 28, 2005. Defendant, however, did not receive a copy of plaintiff's motion until December 30, 2005, thus defendant was unable to prepare an answer or response to plaintiff's complaint and motion for default judgment.

Additionally, the Civil Division of the United States Attorney's Office for the District of Columbia was unaware of the pending litigation in this case due to a series of regrettable errors in the mail room processing of plaintiff's original complaint. As stated in the declaration of Shauna Robinson, the mail room supervisor for the U.S. Attorney's Office, and the declaration of Charice Dickey, a lead paralegal specialist assigned to assist on the case, plaintiff's complaint was sent via certified mail and was delivered to the mail room by a U.S. Postal carrier on October 12, 2005. See Exhibit 1 and 2: Declarations of Dickey and Robinson. Although the

certified mail receipt was properly addressed to the Civil Division's physical address, all mail delivered to the U.S. Attorney's Office is processed through the main mail room located at 555 Fourth Street, N.W.  After the certified mail was received, it was apparently incorrectly delivered by a mail clerk to the Executive Office for the U.S. Attorney located at 555 Fourth Street, N.W., and otherwise known as the "Front Office."  See Robinson Decl. ¶ 6.  From the point of this delivery, the whereabouts of the package are unknown.  The package was never delivered to the Civil Division located at 501 Third Street, N.W.  See Dickey Decl. ¶ 12.  The Civil Division first became aware of the plaintiff's lawsuit on December 21, 2005 when it received a copy of a letter that plaintiff had mailed to the Court on October 24, 2005.  See Exhibit 3.  As indicated in writing on the letter, the Civil Division docketing clerk searched the record of cases and no records were located.

Ms. Dickey discovered the entry of default upon receipt of the file and upon a review of recent PACER entries.  Defendant regrets that a timely response was not made to plaintiff's complaint.  The unresponsiveness, however, was not willful and plaintiff has not been prejudiced by the delay.

> A. **Defendant's Failure to Answer was Due to Inadvertent Mistake**

Under these circumstances, the entry of default should be set aside and plaintiff's motion denied.  See International Painters & Allied Trades Union & Industry Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (noting that a default can be set aside under rule 55(c) for "good cause shown").  The circumstances of this case easily support good cause because the entry of default was clearly erroneous and without foundation in the record.  The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson

v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure.  As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment."  Id. at 835.  The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious.  Jackson v. Beech, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).

Moreover, when one seeks default against the government or its officers, the standard is significantly higher.

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).  Plaintiff's motion plainly fails to satisfy these standards.

In short, "[t]his is not a case in which a default judgment was necessary because the defendants were 'essentially unresponsive.'"  Jackson v. Beech, 636 F.2d at 837 (internal quotation omitted).  Applying the standards in Jackson, the Clerk's May 3, 2005 entry of default should be set aside.

**B.        Defendant Requests Leave to File a Motion to Dismiss Plaintiff's Complaint**

Defendant in the above-captioned case hereby moves, pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, for leave to file defendant's motion to dismiss.  Defendants' response was due on or about December 12, 2005.  For the reasons stated above, defendant failed to answer plaintiff's complaint in a timely manner due to various errors in the mail room of the U.S. Attorney's Office.

Defendant respectfully requests leave to file his attached motion to dismiss the complaint in this case.  Plaintiff will not be prejudiced by this brief delay.

Because plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and defendant therefore has not obtained his position as to the relief requested.

## Conclusion

For these reasons, defendant respectfully requests that the Court set aside the Clerk's entry of default, deny plaintiff's motion for entry of default, and grant defendant's motion for leave to file a motion to dismiss.  A proposed order is attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of January, 2006, I placed a copy of the foregoing **DEFENDANT'S MOTION TO VACATE DEFAULT AND MOTION FOR LEAVE TO FILE MOTION TO DISMISS** in the first-class United States mail, postage prepaid, marked for delivery to:

John Hyland, Jr.
#228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI  49201

/s/_____
John Henault
Assistant United States Attorney