UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND,<br><br>    Plaintiff,<br>v.<br><br>GEORGE BUSH,<br><br>    Defendant. | )<br>)<br>) C.A. No. 05-1878 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF CHARICE DICKEY

I, Charice Dickey do hereby depose and state that:

1. I am a Lead Paralegal Specialist in the Civil Division of the United States Attorney's Office for the District of Columbia ("U.S. Attorney's Office"). I have held this position since January 18, 2005.

2. I am authorized to work on *pro se* prisoner litigation in this office under the supervision of AUSA John Henault. One of my job responsibilities is to review the service of process in civil cases. The office's procedure for recording receipt of process is for the civil process clerk to stamp the summons with a date stamp upon receipt and to record the name of the case and the civil action number in the Civil Division's "Summons and Complaint Service Book."

3. I understand that Plaintiff filed the complaint in this case on September 22, 2005. I have reviewed the Summons and Complaint Book from that date through the present to ascertain whether the summons and complaint have been served on this office. There is no entry in Summons and Complaint Book reflecting service on this office at any time from September 22, 2005, through the present.



4. On November 22, 2005, this office received a copy of plaintiff's letter to the Court's clerk dated October 24, 2005 indicating that he had served this office. This letter was subsequently reviewed by Brenda Jones, who is authorized to receive service of process for the Civil Division of the U.S. Attorney's Office for the District of Columbia. On December 21, 2005, Ms. Jones indicated in her handwriting on the letter that no records of this matter had been found in the Summons and Complaint Book in the office of the Civil Division. As a result, Ms. Jones proceeded to print a copy of the file from the PACER system. The Docket Entry report did not indicate that the U.S. Attorney's Office had been served, only that a summons had been issued.

5. Plaintiff has since filed an amended complaint on November 21, 2005, which defendant has never received.

6. On December 30, 2005, this office received a copy of plaintiff's motion for entry of default judgment.

7. On January 6, 2006, this office received a copy of plaintiff's affidavit of proof of service which was filed in relation to his motion for default judgment. Attached to this affidavit was a copy of the green card signed by "S. Robinson" on October 12, 2005.

8. "S. Robinson" is the signature of the mail room supervisor located in the main building of the U.S. Attorney's Office for the District of Columbia located at 555 Fourth Street, N.W., Washington, D.C. 20530.

9. On January 9, 2006, I printed a copy of the PACER docket in this case and noticed that on December 28, 2005, two days before this office even received a copy of plaintiff's motion for default judgment, that an Entry of Default had been made by the Court's

clerk.

10. I then contacted Shauna Robinson, the mail room supervisor, and inquired about the whereabouts of the documents received by the mail room on October 12, 2005. Ms. Robinson indicated that it is her normal procedure to sign the certified mail "green card" presented by the U.S. Postal carrier and then give the letter or package to the mail room clerk for entry into a tracking book and for subsequent delivery to the correct office. Ms. Robinson and I reviewed the clerk's tracking book and located the certified mail entry for plaintiff's package on October 12, 2005. The entry indicated that it was incorrectly delivered to the Executive Office of the U.S. Attorney located on the Fifth Floor of the building located at 555 Fourth Street, N.W.. Additionally, Ms. Robinson indicated that the mail room clerk who was assigned to this task during the month of October is no longer employed by the U.S. Attorney's Office.

11. I then went to the Fifth Floor and spoke with Michelle McIver, whose initials "MSM" are indicated on the mail room tracking book. Ms. McIver indicated that she signed for the mail but did not review the mail. Rather, she placed the mail in the inbox for processing by an intern. There is no further record of plaintiff's package in that office. Ms. McIver indicated that if incorrect mail was sent to their office it is their normal procedure to place the mail back in the mail inbox for pickup/re-delivery by the mail room.

12. To date, the plaintiff's package was never delivered to the Civil Division located at 501 Third Street, N.W.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/10/06___.

___J. Charice Dickey___