UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1878 (RBW) |
| | ) |
| GEORGE BUSH, | ) |
| | ) |
|        Defendant. | ) |
| _____ | ) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6), defendant George Bush, in his official capacity as President of the United States, respectfully moves to dismiss plaintiff's complaint.[1] In support of this motion, defendant respectfully refers the Court to the attached memorandum in support of defendant's motion to dismiss. A proposed order is also attached.

---

[1] This motion is filed on behalf of the afore-mentioned defendant in his official capacity only. As this defendant has not been personally served with the complaint and summons, defendant hereby preserves all available defenses to any allegations against him in his individual capacity if, in fact, any such allegations are intended..

Respectfully submitted,

/s/ *Kenneth L. Wainstein*
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/ *Craig Lawrence*
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 05-1878 (RBW) |
| GEORGE BUSH, | ) |
|        Defendant. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The only thing clear about plaintiff's complaint and alleged amended complaint is that it is both legally and factually defective and, therefore, should be dismissed for lack of jurisdiction, for failure to state a claim, for lack of service of process, and because plaintiff's complaint presents a non-justiciable political question. Specifically, because plaintiff attempts to allege a violation of his Constitutional rights by a federal official acting in his official capacity, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear those claims. Moreover, to the extent that plaintiff attempts to allege a Bivens claim against the President, plaintiff fails to state a claim and, even if he did state a claim, the President has not been served in his individual capacity and would be protected from suit by immunity.

## FACTS

Plaintiff alleges that George Bush, along with two or more persons, has conspired in his official and individual capacity to "fix" the appointment of the Chief Justice of the United States Supreme Court. Compl. ¶ 4.

2

Thus, plaintiff's far-fetched allegations against President Bush are the following: President Bush is accepting repayment of private debts he owes to private parties that conspired with Chief Justice William Rehnquist to fix the outcome of the Florida election. Compl. ¶ 7.

Plaintiff requests that the U.S. Senate's confirmation hearing being stayed, that the Supreme Court select a new Chief Justice within seven (7) days of plaintiff's complaint, that the new Chief be selected pursuant to page 489 of the Judicial Rules of Civil Procedure, and that $700,000 be paid to plaintiff's children. Compl. at page 13.

At this time, defendant would note that Senate confirmation hearings have ended and that Chief Justice John Roberts is currently fulfilling his duties as Chief Justice on the U.S. Supreme Court. Therefore, plaintiff's requested relief is moot, his demand for money damages are frivolous at best, and this case should be dismissed.

## ARGUMENT

### I. LEGAL STANDARDS

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiff fails to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C.

Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

## II. THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS AGAINST PRESIDENT BUSH IN HIS OFFICIAL CAPACITY

To the extent that plaintiff seeks damages against George Bush in his official capacity, plaintiff's claims must be dismissed because there has been no waiver of sovereign immunity for such claims. Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Lane v. Pena, 518 U.S. 187, 190-91 (1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). That plaintiff may

have named a federal employee as a defendant in his official capacity does not operate to evade the immunity of the sovereign. See Clark v. Library of Congress, 750 F.2d 89, 103-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity).

Because plaintiff alleges a conspiracy to deprive him of his Constitutional rights against President Bush in his official capacity, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear the claims.

### III.  PLAINTIFF FAILS TO STATE A CLAIM THAT CAN WITHSTAND ABSOLUTE IMMUNITY

Because this suit arises from actions President Bush allegedly took in his official capacity, he is shielded by absolute immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) ("Applying the principles of our cases to claims of this kind, we hold that petitioner, as a former President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts. We consider this immunity a functionally mandated incident of the President's unique office, rooted in the constitutional tradition of the separation of powers and supported by our history.").

Plaintiff has failed to allege facts that would show that George Bush conspired to violate his Constitutional rights. In fact, plaintiff alleges no specific facts to support a claim of a conspiracy, other than his nonsensical allegation that President Bush has conspired to fix the appointment of the Chief Justice to the Supreme Court. Compl. ¶ 4. Such "conclusory," "vague," or "general allegations" of a conspiracy to deprive a person of constitutional rights are

5

not sufficient to state a claim. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977) (holding that plaintiffs' unsupported allegations did not suffice to state a claim of governmental conspiracy to deprive plaintiffs of their constitutional rights, explaining that the complaint failed to show a nexus between an alleged pattern of harassment and acts of defendants). "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id.; Cf. Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 106-08 (2d Cir. 1981) (where plaintiff sued Postal Service and its officials for interference with constitutional rights, court affirmed grant of summary judgment, without discovery, to defendants where plaintiff merely "colored its complaint with conclusory allegations of a wide-ranging conspiracy to deprive it of its constitutional right to due process and free exercise of religion" and when required to furnish affidavits demonstrating existence of genuine issue of material fact, "plaintiff responded by presenting immaterial factual inconsistencies and by reiterating its conclusory allegations of conspiracy"). See also Masel v. Barrett, No. 87-2505 (LFO), 1988 WL 36149, *7 (D.D.C. April 8, 1988) ("Moreover, in constitutional tort litigation, unsupported allegations which fail to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense, will not suffice to sustain a claim.").

## IV.   PLAINTIFF PRESENTS A NON-JUSTICIABLE POLITICAL QUESTION

The Court should dismiss this case for the additional reason that, even assuming that the plaintiff can establish standing[1] to challenge the President's nomination of the Chief Justice, the

---

[1] See Ex parte Levitt, 302 U.S. 633 (1937) (petitioner lacked standing as a citizen and member of the bar to challenge the appointment of Justice Black because "it is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action").

suit presents a non-justiciable political question. The "political question doctrine" is essentially a function of the separation of powers, insofar as it is beyond the competence or authority of the judicial branch to review certain decisions constitutionally committed to the political branches. Baker v. Carr, 369 U.S. 186, 217 (1962), see also, United States ex rel. New v. Rumsfeld, 350 F.Supp.2d 80 (D.D.C. 2004).

The Appointments Clause, U.S. Const. Art. II § 2, cl. 2 provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Judges of the supreme Court. . . ." Accordingly, this language in the Constitution represents a textually demonstrable constitutional commitment of the nomination of Supreme Court Justices to the President and the appointment of such Justices to the President with the advice and consent of the Senate. See Baker v. Carr, 369 U.S. at 217. Under the political question doctrine as announced in Baker v. Carr, the challenge to that exercise is beyond the competence or authority of the judicial branch to review because it is constitutionally committed to the political branches of government.

## V.   PLAINTIFF HAS NOT SERVED THE DEFENDANT PERSONALLY

Plaintiff's claims against President Bush in his individual capacity must be dismissed because plaintiff has failed to personally serve process on President Bush. Without proof of such service, this Court is deprived of jurisdiction over the President.

It is well established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants. See Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp.

484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989). Rule 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27.

Where, as here, a plaintiff seeks relief against a federal employee in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. Reuber, 750 F.2d at 1052.

The record in this case does not establish proper service upon President Bush in his individual capacity. Although plaintiff has filed a return of service affidavit, that affidavit indicates that he served his complaint by sending it to the White House, the United States Attorney for the District of Columbia, and to the U.S. Attorney General. Neither of these mailings are sufficient to serve President Bush in his individual capacity.

Although a Court faced with improper service will typically provide a plaintiff with the option to cure service, rather than dismiss the action outright, the Court should not provide plaintiff that option in this case, as doing so would be futile. E.g., Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997). As set forth previously, this Court

lacks jurisdiction to hear plaintiff's claims against the defendant in his official capacity, plaintiff's complaint fails to state a claim, and even if it did, the defendant would be entitled to absolute immunity.

## CONCLUSION

For the foregoing reasons, plaintiff's claims against President George W. Bush should be dismissed in its entirety.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on __1/11/__, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

John Hyland, Jr.
#228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI  49201

　　　　　　　　　　　　　　　　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　John F. Henault
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney