UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN VINCENT HYLAND, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-1878 (RBW) |
| GEORGE W. BUSH, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On September 22, 2005, the plaintiff commenced this action alleging that the President of the United States, along with others, conspired to "fix" the appointment of the Chief Justice of the United States. Complaint ("Compl.") ¶ 4. An amended complaint was filed by the plaintiff on November 21, 2005. The defendant did not file an answer or otherwise respond to the plaintiff's complaint as required by Federal Rule of Civil Procedure 12, and on December 28, 2005, the Clerk of this Court entered a default against the defendant. Currently before the Court is the Plaintiff's Motion for Entry of Default Judgment ("Pl.'s Mot.") and the Defendant's Motion to Vacate Default Judgment and Motion for Leave to File Motion to Dismiss ("Def.'s Mot.").

It is well-settled that "since a resolution on the merits is preferable to a judgement by default, a court should liberally allow relief under [Federal Rule of Civil Procedure 55(c)]." Butler v. Pearson, 636 F.2d 526, 530 (D.C. Cir. 1980); Pulliam v. Pulliam, 478 F.2d 935, 936 (D.C. Cir. 1973). Thus, a default can be set aside upon a showing of "good cause." Int'l Painters

& Allied Trades Union & Industry Pension Fund. v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003); Fed. R. Civ. P. 55(c).  In determining whether to set aside a default, "[t]he factors that must be balanced are whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice plaintiff."  Id.

Here, the defendant provides detailed affidavits explaining that the defendant's failure to respond to the plaintiff's complaint was due inadvertence and mistake and resulted from the improper processing of the plaintiff's complaint in the United States Attorney's Office mail room.  Def.'s Mot., Exs. 1-3.  Thus, it is clear that the defendant's failure to respond was not willful.  In addition, the papers submitted by the defendant demonstrate a complete defense to the allegations in the complaint.  See, e.g., Def.'s Mot, Ex. 4 (Defendant's Motion to Dismiss).  Finally, the plaintiff is not prejudiced by this Court setting aside the default because a default judgment has not been entered by this Court.  Based on the foregoing, good cause exists for setting aside the default entered by the Clerk of the Court.  Accordingly, it is hereby this 25th day of January, 2005

**ORDERED** that the defendant's Motion to Vacate Default Judgment is **GRANTED**.  It is further

**ORDERED** that the defendant's Motion for Leave to File Motion to Dismiss is **GRANTED**.  It is further

**ORDERED** that the plaintiff's Motion for Entry of Default Judgment is **DENIED**.  It is further

**ORDERED** that the plaintiff shall file an opposition, if any, to the defendant's Motion to Dismiss by February 20, 2006.

**SO ORDERED**.

                                                REGGIE B. WALTON
                                                United States District Judge