UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
   Plaintiff,

                         Case No. 1:05CV01878

                         Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
   Defendant.
_____/

RECEIVED
FEB 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY DEMAND

CLAIM EXCEEDS $ 50,000.


PLAINTIFF'S MOTION and BRIEF
FOR SANCTIONS:
BE IMPOSED UPON DEFENDANT'S
ATTORNEYS et al LEGAL STAFF.

---

January 26, 2006

                                        Respectfully submitted,
                                        John Vincent Hyland, Jr.
                                              Plaintiff, pro se
                                                    # 228879
                                 Parnall Correctional Facility
                                                  1790 Parnall
                                                Jackson, MI 49201

PLAINTIFF'S MOTION FOR:
SANCTIONS BE IMPOSED UPON DEFENDANT'S
ATTORNEYS et al LEGAL STAFF.

---

NOW COMES, Plaintiff, John Vincent Hyland, Jr., and makes claim that defendant's attorneys have failed to <u>sign PROOF OF SERVICE</u>.

    Federal Rules of Civil Procedure, page 55, Rule 7. PLEADINGS and MOTIONS:
7(b)(3) MOTIONS and OTHER PAPERS.
"All motions shall be signed in accordance with Rule 11."
Rule 11. SIGNING of PLEADINGS (Proof of Service)
(4)(c) Sanctions...(b)...the court may...impose an appropriate sanction upon attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

Rule 11. Signing of Pleadings, Motions, and Other Papers;
(b) Representations to Court. By presenting to the court (whether by signing filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the persons's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances--
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or <u>needless</u> increase in the cost of litigation."
(emphasis added)
(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)
(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.
(3) <u>Order</u>. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."

    Plaintiff prays that this Honorable District Court of the District of Columbia, impose <u>SANCTIONS</u> upon attorneys:

    1. John F Henault, Assistant United States Attorney, D.C. Bar #~~451058~~. 472590.

    2. R. CRAIG LAWRENCE, D.C. Bar #171538

    3 KENNETH L. WAINSTEIN, D.C. Bar #451058.

-1-

PLAINTIFF'S BRIEF IN SUPPORT OF:

PLAINTIFF'S MOTION FOR:
SANCTIONS BE IMPOSED UPON DEFENDANT'S
ATTORNEYS et al LEGAL STAFF

---

Black's Law Dictionary - Abridged Sixth Edition, page 933.

<u>Sanction</u>, n. Penalty or other mechanism of enforcement used to provide incentives for obedience with the law or with rules and regulations. That part of the law which is designed to secure enforcement by imposing a penalty for its violation. For example, Fed.R.Civil P. 37 provides sanctions for failure to comply with discovery orders, and Rule 11 empowers court to impose disciplinary sanctions on attorneys for other types of improper conduct.

<u>See also</u> Contempt; Criminal sanctions.

Refer to:

PLAINTIFF'S MOTION FOR:
SANCTIONS BE IMPOSED UPON DEFENDANT'S
ATTORNEYS et al LEGAL STAFF.


Maydak v U.S. Dept of Justice, 254 F. Supp 2d. 23, 49 (D.D.C. 2003)
[51] A default occurs when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." Fed.R.Civ.P 55 (a). The agency has neither failed to plead or to defend and therefore is not in default. Arguably, the agency may have waived any defenses it may have with respect to the claims...This is an issue, however, that the cause will not address now and that the parties may choose to raise in future motions.


There can be no doubt at all that Plaintiff is entitled to the RELIEF REQUESTED in CIVIL COMPLAINT and the pro se motions in support.

RELIEF REQUESTED

Plaintiff requests this District of Columbia District Court to make formal request to the District of Columbia ATTORNEY GRIEVANCE COMMISSION to INVESTIGATAE these pro se charges and CONSIDER ORDER of ninety (90) days suspension of license to practice law and monetary penalty (fines) of ten thousand dollars each of:

1. John F Henault, Bar # 472590.

2. R. Craig Lawrence, Bar # 171538.

3. Kenneth L. Wainstein, Bar # 451058.

Plaintiff also requests this Court to GRANT RELIEF in "CIVIL COMPLAINT" filed by this plaintiff in this court.

On grounds of "perjury" -
"In criminal law, the willful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his evidence, either upon oath or in any form allowed by law to be substituted for an oath, whether such evidence is given in open court, or in an affidavit, or otherwise, such assertion being material to the issue or point of inquiry and known to such witness to be false. A false statement knowingly made in a proceeding in a court of competent jurisdiction or concerning a matter wherein an affiant is required by law to be sworn as to some matter material to the issue or point in question."
"A person is guilty of perjury if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true. Model Penal Code, § 241.1.

See also 18 U.S.C.A. §§ 1621, 1623."

Subornation of perjury is procuring another to commit perjury. See 18 U.S.C.A. § 1622."


January 27, 2006                                    Respectfully submitted,
                                                    John Vincent Hyland, Jr,
                                                    Plaintiff, pro se
                                                    # 228879
                                         Parnall Correctional Facility
                                                    1790 Parnall
                                                    Jackson, MI 49201

-3-

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
    Plaintiff,

Case No. 1:05CV01878

Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
    Defendant.
_____/

PROOF OF SERVICE

NOW COMES, Plaintiff, John V. Hyland, Jr., pro se, and swears under penalty of perjury that on this January 26, 2006, he placed the following with an "OFFICIAL" for EXPEDITED LEGAL MAIL to the following, FIRST CLASS POSTAGE.

PLAINTIFF'S MOTION and BRIEF FOR SANCTION: BE IMPOSED UPON DEFENDANT'S ATTORNEYS et al LEGAL STAFF.

1. Two copies to Clerk, U.S. District Court, District of Columbia, U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001, and prepaid FIRST CLASS POSTAGE affixed.

2. One copy to: U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001.

3. One copy to: U.S. Attorney General, Department of Justice, 650 Pennsylvlania Ave, NW, Washington, D.C 20530.

January 27, 2006

Respectfully submitted,
John Vincent Hyland, Jr.
Plaintiff, pro se
# 228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI. 49201