UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

John Vincent Hyland, Jr.,      Case No. 1:05CV01878
    Plaintiff,

                               Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
    Defendant.
_____/

                                        JURY DEMAND

                            CLAIM EXCEEDS $ 50,000.

            PLAINTIFF'S REPLY TO
                DEFENDANT'S
                LEGAL STAFF
        OUT OF TIME REPLY TO CIVIL COMPLAINT

January 26, 2006                Respectfully submitted,

                                John Vincent Hyland, Jr.,
                                    Plaintiff, pro se

## STATEMENT OF THE CASE

1. On December 19, 2005, Plaintiff rendered to this Court: CIVIL COMPLAINT: PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT."

2. On January 1, 2006, Plaintiff submitted to this Court: PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT"

3. On December 28, 2005, the Clerk of this Court entered default against defendants.

4. This Court ORDERED that "a defaulting defendant is deemed to admit every well-pleaded allegation in complaint."

5. The clerk of this court entered DEFAULT JUDGMENT in favor of plaintiff

6. Plaintiff's CIVIL COMPLAINT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, dated December 19, 2005 was mailed to this court and to the parties via EXPEDITED LEGAL MAIL.

7. Plaintiff has submitted a <u>non-frivolous COMPLAINT</u> and therefore entitled to <u>DEFAULT JUDGMENT for the RELIEF REQUESTED IN COMPLAINT.</u>

-1-

PLAINTIFF'S BRIEF
IN SUPPORT OF ENTRY OF
DEFAULT JUDGMENT
AGAINST DEFENDANT

Federal Civil Judicial Procedure and RULES, TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE,
RULE 55

The clerk of this court followed the Federal Rules of Civil Procedure. infra.

The defendants are IN DEFAULT and not entitled to further appearances other than to perfect a "TIMELY APPLICATION FOR APPEAL".

The clerk entered a DEFAULT against Defendants pursuant to Fed.Rule Civ.Proc. 55(a); 55(b); 55(c) of which 55(a) states:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." (emphasis added)

On December 19, 2005, plaintiff signed pro se:

CIVIL COMPLAINT

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, two pages with exhibits of SERVICE ON THE PARTIES including legal representatives for defendant.

On January 1, 2006, plaintiff, pro se filed:

"PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, six pages.

On January 18, 2006, plaintiff, pro se, filed:

PRO SE PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S LEGAL STAFFS' MOTION FOR LEAVE TO FILE MOTION TO DISMISS.

Defendant's legal representatives are required to TIMELY REPLY to SUMMONS AND COMPLAINT, and they are "held to the same pleading requirements demanded of private litigants."

United States v City of Philadelphia, 644 F.2d 187 (1980)
at 189: # 17 "Attorney General of the United States is held to same pleading requirements demanded of private litigant who brings action under Civil Rights Act.
U.S.C.A.Const.Amend.14; 42 U.S.C.A. §§ 1981-1983, 1985, 1988; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A

Christy v Randlett, 932 F.2d 502, 504, (6th Cir 1991)
At 504, II, [1] "Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right by the federal constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of law." Flagg Bros v Brooks, 436 US 149, 155-57; 98 SCt 1729, 1732-33, 56 L.Ed 359, 361-62 (6th Cir 1988).

Dory v Ryan, 25 F.3d 81 (1994)
The court stated that the defendants (prosecutor and police officer witnesses) were not protected by absolute immunity because they were being sued for their participation in an extra-judicial conspiracy to deprive the plaintiff of his constitutional rights."

Brown v Frey, 806 F.2d 801, 804 (8th Cir 1986)
"Courts have a duty to ensure that pro se litigants do not lose the right to a hearing on the merits of a claim as a result of ignorance of a technical procedural requirement.

Gotcher v Wood, 66 F3d 1097, 1099 (9th Cir 1995)
(prisoner could bring claim under § 1983 where due process, not result, were challenged."

Haines v Kerner, 404 U.S. 519, 520 (1972) (per curiam)
held: "pro se complaint held to less stringent standards than formal papers drafted by lawyers."
521: "pro se complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no facts in support of claim that should entitle him to relief."

In Mireless v Waco, 112 S.Ct. 286 (1991)
at 287: "...[J]udge Mireles was not immune from suit because his alleged actions were not taken in his judicial capacity."

Harper v Merckle, 638 F.2d 848, 49, 59, 62 (1981)
(6) "When it is beyond reasonable dispute that a judge has acted out of personal motivation and has used his judicial office as an offensive weapon to vindicate personal objectives, and it further appears certain that no party has invoked the judicial machinery for any purpose, the judge's actions do not amount to "judicial acts" and such non judicial acts are not cloaked with judicial immunity from suit under Civil Rights Act of 1971, 42 U.S.C.A. § 1983."

859:   "We find, accordingly, that Judge Merkle should not be accorded absolute immunity because his acts were not "judicial acts." As such, we need not reach the question of whether he acted in complete absence of jurisdiction."
at 862: "V CONCLUSION. "As indicated in our detailed treatment of the issues above, we hold that defendant may not assert absolute immunity under the facts of this case..."

Mathews v Eldridge, 424 US 319, 334-335; 96 S Ct 893; 47 L.Ed2d 18 (1976)
"We agree with FR Civ P 11, that, because of the constitutional issues involved, a prisoner's pro se pleadings are held to a less stringent standard in determining whether there has been a violation warranting sanctions."

Forrester v White, 484 U.S. 227, 229; 108 S.Ct 544; 98 L.Ed2d 555 (1988)
"A judge is not immune from liability for a non-judicial act."
"An improper or erroneous act cannot be said to be normally performed by a judge. Judicial immunity attaches only to actions taken in judicial capacity. A judge's direction to carry out an order which mandates a <u>constitutional violation</u> is clearly <u>NOT</u> a judicial act."
(Emphasis added)

United States v City of Philadelphia, 644 F.2d 187 (1980)
at 189: # 17. "Attorney General of the United States is held to same pleading requirements demanded of private litigants who brings action under Civil Rights Act. U.S.C.A. Const.Amend.14; 42 U.S.C.A. §§ 1981-1983, 1985, 1988; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A."

Canty v City of Richmond Virginia, E.D. Va. 383 F.Supp 1396, (1974)
"One's right to be tried by a court, and not by ordeal, and thus to be free from unlawful assault by state...has been made a definite and specific part of the body of due process rights protected by U.S.C.A. Const. Amend 14 and is therefore within the purview of this section making it a crime to, under color of law, subject a person to the deprivation of any federal right, privilege, or immunity..

Haines v Kerner, 404 U.S. 519, 520 (1972) per curiam
"pro se litigant complaint held to less stringent standards than formal papers drafted by lawyers."

Stump v Sparkman, 98 S.Ct 1099, 1104 (1978)
"He was accordingly not immune from damages liability under the controlling authorities. The Court of Appeals also held that the judge had forfeited his immunity "because of his failure to comply with elementary principles of procedural due process. Id at 176."

Halloway v Lockhart, 792 F.2d 760, 761-62 (8th Cir 1986) "Court erred in dismissing on defendant's motion to dismiss where court did not judge motion for solely on the face of plaintiff's complaint and instead improperly considered defendant's defenses."

Pursuant to Halloway, supra, this Honorable District Court, District of Columbia, is mandated to "CONSIDER" plaintiff's CIVIL COMPLAINT and service and entry of DEFAULT JUDGMENT entered pursuant to Rule 55, DEFAULT, by this court's CLERK as authorized by Federal Rules of Civil Procedure, Rule 55.

Plaintiff is entitled to the RELIEF REQUESTED in the CIVIL COMPLAINT at bar pursuant to DEFAULT by defendant.

## CONCLUSION

1. The legal representatives of defendant failed to perform their duty to "timely" reply to SUMMONS and COMPLAINT.

2. The legal representatives have FAILED to "DEFEND."

3. The legal representatives are:

...held to same pleading requirements demanded of private litigant who brings action...

re: United States v City of Philadelphia, 644 F.2d 187 (1980), supra.

The "Courts have a duty to ensure that pro se litigants do not lose the right to a hearing on the merits of a claim as a result of ignorance of a technical procedure."

4. and:

"pro se litigants have right to hearing on the MERITS. (Emphasis added)

Brown v Frey, 806 F.2d 801, 804 (8th Cir 1986) supra.
"Courts have a duty to ensure that pro se litigants do not lose the right to a hearing on the merits of a claim as a result of ignorance of a technical procedural requirement.

5. Plaintiff has a RIGHT to this court's CONCLUSION that defendant is in DEFAULT and Plaintiff has the RIGHT to a COURT ORDER granting the RELIEF REQUESTED in the Civil Complaint.

See: PLAINTIFF'S pro se BRIEF herein.

RELIEF REQUESTED

1. Enforce the "DEFAULT JUDGMENT."

2. Defendant will be forced to appeal to higher court.

3. Eventually defendant may be required to <u>apply</u> to the United States Supreme Court for writ of certiorari.

4. If the writ of certiorari is granted, then the Supreme Court will have the opportunity to enforce the Constitution and Federal Civil JUDICIAL PROCEDURE and RULES, SUPREME COURT,

§ 3. "Vacancy in office of Chief Justice; disability

Whenever the Chief Justice is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the associate justice precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified."

5. The appointment to United States Supreme Court upon the death of Justice William Rehnquist is vested with the President of the United States, Constitution Article II, Section 2. [2] He shall have the Power,...and he shall nominate,...<u>Judges</u> of the Supreme Court,"...

No place in the Federal Rules of Civil Procedure nor in the United States Constitution is there published AUTHORITY for President to appoint a <u>CHIEF JUSTICE</u> of the Supreme Court.

§ 4. Precedence of associate justices.
Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age."

6. Plaintiff requests further MONETARY relief as prayed for in the CIVIL COMPLAINT filed September 2005.

January 26, 2006

Respectfully submitted,
John Vincent Hyland, Sr.
Plaintiff, pro se.

-7-

EXHIBIT

EXPEDITED LEGAL MAIL - PRISONER

The legislators are ADDITIONAL to PARTIES.

9-19-05 - U.S. Senator Joe Biden (Dem. Delaware)

9-21-05 - Parties - 1., 2., 3., at bottom.

9-22-05 - Senator Ted Kennedy, (Dem. Mass)

9-26-05 - U.S. Senator Diane Feinstein (Dem. Cal)

9-29-05 - President George Bush, WHITE HOUSE OFFICE.

10-24-05 - President George Bush, WHITE HOUSE OFFICE.

10-25-05 - President George Bush, WHITE HOUSE OFFICE.

11-02-05 - Larry Julian - Speaker of House

11-02-05 - Randy Richardville - Majority Leader

11-18-05 - President George Bush - WHITE HOUSE OFFICE

12-14-05 - President George Bush - WHITE HOUSE OFFICE

12-28-05 - President George Bush - WHITE HOUSE OFFICE

01-03-06 - President George Bush - WHITE HOUSE OFFICE

01-12-06 - President George Bush - WHITE HOUSE OFFICE

01-12-06 - Senator Leahy, Dem. Vermont

01-19-06 - USA Today - Editor Ken Paulson

01-19-06 - President George Bush - WHITE HOUSE OFFICE

01-23-06 - President George Bush - WHITE HOUSE OFFICE


Each of these dates the service was on:

1. U.S. District Court, 333 Constitution Ave, NW, Washington, DC 20001-2866.

2. U.S. Attorney, 501 3rd Street, NW, Washington, DC. 20001

3. U.S. Attorney General, Department of Justice, 650 Pennsylvania Ave, NW, Washington, D.C. 20530