**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN HYLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1878 (RBW) |
| | ) |
| GEORGE BUSH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR SANCTIONS, MOTION TO DISMISS DEFENDANT'S MOTION FOR LEAVE AND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, President George Bush, by and through his undersigned counsel, respectfully submit his Reply in support of Defendant's Motion to Dismiss. ("Def's. Motion"). Additionally, defendant submits this reply in response to numerous other documents filed by the plaintiff, including (1) Plaintiff's Motion to Dismiss Defendant's Motion for Leave to File Motion to Dismiss; (2) Civil Statement; (3) Motion for Sanctions; and (4) Motion for Order.

Plaintiff's oppositions neither challenge nor address defendant's argument. "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at * 12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002), appeal pending. Because plaintiff does not address the

argument that the Court lacks jurisdiction to hear his claims against the President in his official

and individual capacity, the Court should dismiss such claims.

Plaintiff's opposition, in summary, argues that he is entitled to a default judgment in this

case despite this Court's Order to the contrary. In that Order, this Court held that defendant's

failure to answer was due to inadvertence and mistake and that papers submitted by the defendant

demonstrate a complete defense to the allegations in the complaint. See Docket No. 10.

Plaintiff has also filed several nonsensical motions with the Court. In plaintiff's Motion

for Order, plaintiff asks the Court to rule that all Supreme Court decisions determined under

Chief Justice Roberts are void. As this Court lacks authority to grant that relief, defendant has no

response to this frivolous argument.

In plaintiff's Motion for Sanctions, plaintiff requests that defendant attorneys be

sanctioned for failure to sign the certificate of service. Pursuant to Local Civil Rule 5.4(b)(4),

the electronic filing of a document by the attorney of record "serves as a signature of the person

to whom the password is assigned for all purposes under the Federal Rules of Civil Procedure

and the Local Rules of this Court." Local Civ. R. 5.4(b)(4). Thus, plaintiff's assertion that the

papers needed to be signed cannot stand. See Docket No. 9.

As to the arguments in plaintiff's Motion to Dismiss Defendant's Motion for Leave,

plaintiff again claims that defendant's Motion to Vacate Default and Motion for Leave to File

Motion to Dismiss was not signed or dated. At this time, the Court has already granted

defendant's motion for leave to file a motion to dismiss and plaintiff's arguments are not only

incorrect, but moot. See Docket No. 10. Defendant has no further response to this argument and

would again refer to Local Civ. R. 5.4(b)(4).

Finally, as to the Civil Statement filed by plaintiff, plaintiff merely reiterates the same nonsensical language stated in his complaint - that President Bush did not have the power to appoint a Chief Justice to the Supreme Court.

Plaintiff, however, has provided no evidence to rebut defendant's arguments stated in defendant's Motion to Dismiss and his complaint still suffers from numerous fatal deficiencies.

**1.    THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS AGAINST PRESIDENT BUSH IN HIS OFFICIAL CAPACITY**

To the extent that plaintiff seeks damages against George Bush in his official capacity, plaintiff's claims must be dismissed because there has been no waiver of sovereign immunity for such claims. Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Lane v. Pena, 518 U.S. 187, 190-91 (1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

**2.    PLAINTIFF FAILS TO STATE A CLAIM THAT CAN WITHSTAND ABSOLUTE IMMUNITY**

Because this suit arises from actions President Bush allegedly took in his official capacity, he is shielded by absolute immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982). Plaintiff has failed to allege facts that would show that George Bush conspired to violate his Constitutional rights. In fact, plaintiff alleges no specific facts to support a claim of a conspiracy, other than his nonsensical allegation that President Bush has conspired to fix the appointment of the Chief Justice to the Supreme Court. See Compl. ¶ 4. Such "conclusory," "vague," or "general

allegations" of a conspiracy to deprive a person of constitutional rights are not sufficient to state

a claim.  Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977)

### 3.    PLAINTIFF PRESENTS A NON-JUSTICIABLE POLITICAL QUESTION

The Court should dismiss this case for the additional reason that, even assuming that the

plaintiff can establish standing to challenge the President's nomination of the Chief Justice, the

suit presents a non-justiciable political question.  The "political question doctrine" is essentially a

function of the separation of powers, insofar as it is beyond the competence or authority of the

judicial branch to review certain decisions constitutionally committed to the political branches.

Baker v. Carr, 369 U.S. 186, 217 (1962), see also, United States ex rel. New v. Rumsfeld, 350 F.

Supp. 2d 80 (D.D.C. 2004), appeal pending.

### 4.    PLAINTIFF HAS NOT SERVED THE DEFENDANT PERSONALLY

Plaintiff's claims against President Bush in his individual capacity must be dismissed

because plaintiff has failed to personally serve process on President Bush.  Without proof of such

service, this Court is deprived of jurisdiction over the President.

It is well established that, in an action against a federal employee in an individual

capacity, the individually sued defendant must be served with process in accordance with rules

applicable to individual defendants.  See Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978);

Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp.

484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

### Conclusion

Plaintiff has presented no evidence to overcome the numerous deficiencies in his

complaint.  For the foregoing reasons, Defendant's Motion to Dismiss should be granted and this

action should be dismissed.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

_____I certify that on February 8, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

John Hyland, Jr.
#228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI  49201

_____/s/_____
John F. Henault
Assistant United States Attorney
