UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,       Case No. 1:05CV01878
   Plaintiff,

                      Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
   Defendant.
_____/


PLAINTIFF'S MOTION FOR THIS COURT
TO ISSUE ORDER THAT:
DESIGNATION:

"CHIEF JUSTICE"

IS UNIQUE.


February 6, 2006                            Respectfully submitted,

                                           */s/ John Vincent Hyland, Jr.*
                                           John Vincent Hyland, Jr.,
                                                 Plaintiff, pro se
                                                        # 228879
                                 Parnall Correction Facility
                                                     1790 Parnall
                                                    Jackson, MI 49201

JURISDICTION

Plaintiff made:

"JURY DEMAND"

upon the face of SUMMONS and COMPLAINT and on cover sheet of all pleadings subsequent to the filing of this CIVIL COMPLAINT - JURY DEMAND.

Plaintiff alleged on the cover page of "JURY DEMAND" damages that EXCEED $50,000.

TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE, Rule 38, section VI. TRIALS.

Rule 38  Jury Trial of Right

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

Black's Law Dictionary - ABRIDGED SIXTH EDITION, page 573:

Inviolate.  "Intact; not violated; free from substantial impairment."

Plaintiff alleges that this District Court of District of Columbia has erroneously dismissed this civil action,

"JURY DEMAND, and DAMAGES EXCEED $50,000."

AMENDMENT VII [1791]

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

-1-

FIRST CAUSE OF ACTION:

IS THE DESIGNATION
"CHIEF JUSTICE"
**UNIQUE**
and A SEPARATE CLASSIFICATION FROM
"JUSTICE OF SUPREME COURT?"

---

Plaintiff says: "Yes"

Defendant would say: "No"

1.1. Throughout TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE the classification of authority and "hierarchy" discriminates as to a "Justice of the Supreme Court" as absolutely distinct and separate from the designation and DEFINITION of a "Chief Justice" of the United States Supreme Court.

1.2. TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE, references to "Chief Justice"
See: TITLE 28, ORGANIZATION OF COURTS;

1.3. JUDGES-CONFERENCES-COUNCILS.
CHAPTER 13--ASSIGNMENT OF JUDGES TO OTHER COURTS:
§ 291 (a) The Chief Justice of the United States, may...
(b) The chief judge of a circuit...
§ 251 - (b) The President shall designate one of the judges of the Court of International Trade who is less than seventy years of age to serve as chief judge. The chief judge shall continue to serve as chief judge until he reaches the age of seventy years and another judge is designated as chief judge by the President. After the designation of another judge to serve as chief judge, the former chief judge may continue to serve as a judge of the court."

1.4. § 253. Duties of chief judge; precedence of judges
(a) The chief judge of the Court of International Trade, with the approval of the court, shall supervise the fiscal affairs and clerical force of the court;
(b) The chief judge shall promulgate dockets.
(c) The chief judge, under rules of the court, may designate any judge or judges of the court to try any case...
(d) Whenever the chief judge is unable to perform the duties of his office or the office is vacant, his powers and duties shall devolve upon the judge next in precedence who is able to act, until such disability is removed or another chief judge is appointed and duly qualified."
(e) The chief judge shall have precedence and shall preside at any session which he attends. Other judges shall have precedence and shall preside according to the seniority of their commissions. Judges whose commissions bear the same date shall have precedence according to seniority in age."

1.5. § 255. Three-judge trials.
(a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges of the court to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws."

1.6. § 256. Trials at ports other than New York
(a) The chief judge may designate any judge or judges of the court to proceed, together with necessary assistants...
(b) Upon application of a party or upon his own initiative, and upon a showing that the interests of economy, efficiency, and justice will be served, the chief judge may issue an order authorizing judge of the court to preside in an evidentiary hearing in a foreign country whose laws do not prohibit such a hearing:

1.7. § 291. Circuit judges
(a) The Chief Justice of the United States may, in the public interest, designate and assign temporarily any circuit judge to act as circuit judge in another circuit upon request by the chief judge or circuit justice of such circuit."
(b) The chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit, including a judge designated and assigned to temporary duty therein, to hold a district court in any district with the circuit."
REVISION NOTES (page 555, 28 § 291
"Provisions of said sections 17 and 22 authorizing the senior Associate Justice to act in the absence of the Chief Justice of the United States were omitted as surplusage in <u>view of specific authority to act in section 3 of this title.</u>"
"The revised section and sections 294 and 296 of this title make clear the power to make designation and assignment without any limitation of time, to revoke such designation and assignment and to make, from time to time, new designations and assignments."

1.8. § 292 District judges.
(a) The chief judge of a circuit may designate and assign one or more district judges within the circuit to sit upon the court of appeals or a division thereof whenever the business of that court so requires.
Such designations or assignments shall be in conformity with the rules or orders of the court of appeals of the circuit."
(b) The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.
(b) The chief judge of the United States Court of Appeals for the District of Columbia Circuit may, upon presentation

of a certificate of necessity by the chief judge of the Superior Court of the District of Columbia pursuant to section 11-908(c) of the District of Columbia Code, designate and assign temporarily any district judge of the circuit to serve as a judge of such Superior Court, if such assignment (1) is approved by the Attorney General of the United States following a determination by him to the effect that such assignment is necessary to meet the ends of justice, and (2) is approved by the chief judge of the United States District Court for the District of Columbia.

(d) The Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate by the chief judge or circuit justice of the circuit wherein the need arises."

1.9. § 293. Judges of the Court of International Trade
(a) The Chief Justice of the United States may designate and assign temporarily any judge of the Court of International Trade to perform judicial duties in any circuit, either in a court of appeals or district court, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises."

1.10. § 294. Assignment of retired Justices or judges to active duty
(a) Any retired Chief Justice of the United Staes or Associate Justice of the Supreme Court may be designated and assigned by the Chief Justice of the United States to perform such judicial duties in any circuit, including those of a circuit justice, as he is willing to undertake."

(d) The Chief Justice of the United States shall maintain a roster of retired judges of the United States who are willing and able to undertake special judicial duties from time to time outside their own circuit,...Any such retired judge of the United States may be designated and assigned by the Chief Justice to perform such judicial duties as he is willing and able to undertake in a court outside his own circuit...

(e) No retired Justice or judge shall perform judicial duties except when designated and assigned."

1.11. § 297. Assignment of judges to courts of the freely associated compact states
(a) The Chief Justice or the chief judge of the United States Court of Appeals for the Ninth Circuit may assign any circuit or district judge...

1.12. § 331. Judicial Conference of the United States
The Chief Justice of the United States shall summon annually the chief judge of each judicial circuit, the chief judge of the Court of International Trade, and a district judge from each judicial circuit to a conference at such time and place in the United States as he may designate...Special sessions of the Conference may be called by the Chief Justice at such times and places as he may designate."

If the chief judge of any circuit, the chief judge of the Court of International Trade, or the district judge chosen by the judge of the circuit is unable to attend, the Chief Justice may summon any other circuit or district judge from such circuit or any other judge of the Court of International Trade, as the case may be. Every judge summoned shall attend and, unless excused by the Chief Justice, shall remain throughout the sessions of the conference and advise as to the needs of his circuit or court and as to any matters in respect of which the administration of justice in the courts of the United States may be improved."

The Attorney General shall, upon request of the Chief Justice, report...

The Chief Justice shall submit to Congress an annual report of the proceedings of the Judicial Conference and its recommendations for legislation."

1.13. § 372. Retirement for disability; substitute judge on failure to retire; judicial discipline
(a) Any justice or judge of the United States appointed to hold office during good behavior who becomes permanently disabled from performing his duties may retire from regular active service, and the President shall, by and with the consent of the Senate, appoint a successor."

"Whenever an associate justice of the Supreme Court, a chief judge of a circuit or the chief judge of the Court of International Trade, desires to retire under this section, he shall furnish to the President a certificate of disability signed by the Chief Justice of the United States."

PLAINTIFF ALLEGES
THAT THIS COURT IS MANDATED TO:
DISMISS DEFENDANT'S <u>UNDATED</u>
and TARDY PLEADINGS, <u>ab initio.</u>

Plaintiff alleges that:

DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND
MOTION FOR LEAVE TO FILE MOTION TO DISMISS

is <u>UNTIMELY</u> and <u>must be vacated, ab initio.</u>

1 The AFFIDAVIT - "DECLARATION OF SHAUNA ROBINSON" is dated January 11, 2006 (1/11/06) and entered by "ROBINSON" as:

"Executed on   1/11/06   "

2. DECLARATION OF CHARICE DICKEY, is "Executed on 1/10/06." and signed by T. Charice Dickey. 1/10/06.
DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND MOTION FOR LEAVE TO FILE MOTION TO DISMISS, is dated, <u>whoops,  NOT DATED</u>, therefore the above MOTION is VOID for procedural default and failure to comply with the rules of filing MOTIONS and dating of ALL DOCUMENTS that are submitted to a COURT.

3. Rules of Civil Procedure, TITLE 28, RULES OF CIVIL PROCEDURE, Rule 52(b)
"Upon motion of a party made not later than 10 days after <u>entry of judgment</u> the court may amend the judgment accordingly."

4. Plaintiff alleges that defendant failed to protest the "DEFAULT JUDGMENT" within 10 days and that FAILURE prevents this court from accepting <u>any pleadings, responses,</u> from defendant due to the DEFAULT JUDGMENT that was NOT REPLIED TO WITHIN THE TIME LIMITS proscribed by Rule 52(b) supra.
Rule 5(a) Service: When Required.
"No service need be made on parties in default for failure to appear."
(b)...Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court.
Service by mail is complete upon mailing."

5. This court's docket entry # 4, dated October 28, 2005, records the RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 1012-05., RETURN OF SERVICE/AFFIDAVIT of Summons and

-6-

Complaint Executed as to GEORGE BUSH served on 10-18-05, answer due 1219-05. (td) (Entered: 11/03/2005)
    Entry 6.   12-19-05   AFFIDAVIT FOR DEFAULT by JOHN VINCENT HYLAND, JR. (td,) (Entered: 12/28/2005)
    Entry 7. 12-28-05, Clerk's ENTRY OF DEFAULT as to GEORGE BUSH (td,) (Entered: 12/28/05)
    Entry 8. 01-03-2006 MOTION for Default Judgment as to defendant by JOHN VINCENT HYLAND, JR (td) (Entered: 01/11/2006)

    6. This honorable court shows PREJUDICE where the Rules of Civil Procedure, Title 28, are <u>ignored</u> and shows <u>prejudice</u> in favor of DEFAULTED defendant and DEFAULTED attorneys who were SERVED SUMMONS AND COMPLAINT but failed to reply.

    7. The ORDER of this court # 10, 01-25-2006 denying <u>8</u> Motion for Default Judgment, granting <u>9</u> Motion for Leave to File, granting <u>9</u> Motion to Set Aside Default., is sown with <u>"PREJUDICE, IN FAVOR OF FEDERAL EMOPLOYEES</u> who are in DEFAULT and the MOTION FOR ENTRY OF DEFAULT by pro se Plaintiff is REQUIRED TO BE HONORED.

    8. WHEREAS this Court's Judge Reggie B. Walton has violated the rules of civil procedure can only be described as "PREJUDICE IN FAVOR OF DEFENDANT" and mandates the <u>recusal</u> of Judge Reggie B. Walton on grounds of "PREJUDICE FOR A PARTY OR AGAINST A PARTY."

    9. TITLE 28, District Courts, § 144. "Bias or prejudice of judge: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

    10. The word "imminent" means "threatening; menacing; perilous; something close at hand."

-7-

## CONCLUSION

1. Plaintiff, pro se, has titled this motion:

    PLAINTIFF'S MOTION FOR THIS COURT

    TO ISSUE ORDER THAT:

    DESIGNATION:

    "CHIEF JUSTICE"

    IS **UNIQUE**, and: **EXCLUSIVE**.

2. Plaintiff requests **JURY TRIAL**, as of **right**, of the facts and circumstances and MONETARY RELIEF REQUESTED.

3. Plaintiff requests that an ORDER be rendered onto John Roberts that he is unconstitutionally presiding as "CHIEF JUSTICE" of the Supreme Court and **must:**

    **CEASE AND DISIST**

    **PENDING JURY TRIAL OF THE FACTS**

4. Plaintiff further alleges that he is entitled to **SUBSTANTIAL** MONETARY RELIEF: on the grounds that others will attack the jurisdictional aspects of CHIEF JUSTICE of the Supreme Court for **ages in the future.**

5. Plaintiff alleges that he is doing a SERVICE to his country by bringing this ILL GOTTEN APPOINTMENT OF CHIEF JUSTICE settled.

6. This Court should be advised that the docket sheet in this case at bar dates the FIRST ENTRY as:

September 22, 2005 entry # 1, :

"COMPLAINT against GEORGE BUSH (Filing fee $250) filed by JOHN VINCENT HYLAND, JR., (td,) (Entered: 09/28/2005)

Entry # 2, states:

"SUMMONS (3) Issued as to GEORGE BUSH, U.S. Attorney and U.S. Attorney General (td,) (Entered: 09/28/2005)

7. Plaintiff alleges that defendant and defendant's attornies had sufficient time to reply but voluntarily failed.

8. WHEREAS defendant has been neglectful, disobedient to a SUMMONS AND COMPLAINT, negligent in conferring at the first instance with U.S. Attorney and/or U.S. Attorney General, therein, alleges Plaintiff, pro se,

9. WANTON NEGLIGENCE.

10. DISREGARD OF THE LAW.

11. CARELESS and RECKLESS ABANDON OF "due process" notice(s).

12. WANTON failure to respond to at least FOUR (4) services by Plaintiff DIRECTLY "EXPEDITED LEGAL MAIL" upon:

Presidnent George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave., NW., Washington, D.C. 20001.

13. WANTON failure to respond by:

U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001.

Attorney General, Department of Justice, 650 Pennsylvania Ave, NW, Washington, D.C. 20530.

14. ALL WERE SERVED FIRST CLASS POSTAGE and the SUMMONS and COMPLAINT served by "REGISTERED MAIL RETURN RECEIPT".

15. In all mailings, Plaintiff, pro se, has utilized the prison system of PROOF OF SERVICE, by using the FORMS provided pre-printed and "EXCLUSIVE" PROOF OF SERVICE, known as:

"PRISONERS EXPEDITE LEGAL MAIL"

## RELIEF REQUESTED

1. Plaintiff prays that this Court will issue ORDER for the RELIEF REQUESTED in this "CIVIL COMPLAINT" and the <u>subsequent</u> pro se pleadings.

2. Plaintiff requests this Court to comply with Title 28, JUDICIAL PROCEDURE and RULES and proceed with Plaintiff's <u>right</u> to <u>JURY TRIAL</u>, pursuant to DEMAND on COMPLAINT, and "Rule 38:

Rule 38.: Jury Trial of Right.

(a) Right Preserved.
"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties <u>inviolate.</u> (emphasis added)
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party."
(d) Waiver. ...[A] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

3. Plaintiff <u>demands</u> monetary consideration of:

<u>SEVEN MILLION DOLLARS</u>,  $ 7,000,000.00

February 6, 2006

Respectfully submitted,
John Vincent Hyland, Jr.
Plaintiff, pro se

-11-

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,            Case No. 1:05CV01878
   Plaintiff,

                              Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
   Defendant.
_____/

                                                       JURY DEMAND

                                         CLAIM EXCEEDS $ 50,000.


### PROPOSED ORDER:

NOW COMES Plaintiff John Vincent Hyland, Jr., and says:

Pursuant to plaintiff's CIVIL COMPLAINT, brief, motions, and articulation of the Constitution, this court finds that the appointment of judge John Roberts to the Supreme Court position as <u>CHIEF JUSTICE</u> lacks Constitution authority and is <u>VACATED</u> herewith <u>ab initio</u>.


BY ORDER of the District Court of the District of Columbia it is HEREBY DECLARED:

The appointment of judge John Roberts as:

<u>Chief Justice of the Supreme Court</u>

is VOID AB INITIO.



NOW COMES: Plaintiff, John Vincent Hyland, Jr., <u>and</u> this District Court of the District of Columbia and <u>ORDERS:</u>

-1-

1. After careful and exhaustive research this Court finds that Plaintiff's CIVIL COMPLAINT is true and correct that the President of the United States is <u>NOT AUTHORIZED</u> to appoint a <u>CHIEF JUSTICE</u> of the United States Supreme Court.

2. By ORDER of this Court and in consideration of findings alleged and pleaded by Plaintiff, the President of the United States appointment of judge John Roberts is <u>UNLAWFUL</u> and without STATUTORY or Constitutional authority and is hereby VACATED <u>AB INITIO</u>.

3. This Court further finds and ORDERS that <u>ALL ORDERS</u> of the Supreme Court beginning with the date that judge John Roberts was unconstitutionally appointed as CHIEF JUSTICE are <u>void for want of lawful jurisdiction</u>.

4. WHEREAS the Constitution Article II, Section 2. clause [2] provides that the President's Constitutional power and authority is limited to appointment of:

   ..."Judges of the Supreme Court,...[b]ut the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

5. Article III, Section 1. "The judicial Power of the United States, shall be vested in one supreme Court, and such inferior Courts as the Congress may from time to time ordain and establish."

February 6, 2006

Respectfully submitted,
John Vincent Hyland, Jr.,
Plaintiff, pro se

-2-