UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,                    Case No. 1:05CV01878
   Plaintiff,
                                 Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
   Defendant.
_____/


PLAINTIFF'S BRIEF
CITING MAYDAK, infra

MANDATING:

ENTRY BY TRIAL COURT OF "DEFAULT JUDGMENT"

---

February 6, 2006
                                                          Respectfully submitted,

                                                          John Vincent Hyland, Jr.,
                                                                Plaintiff, pro se
                                                                       # 228879
                                                Parnall Correction Facility
                                                                         1790 Parnall
                                                                        Jackson, MI 49201

This District Court of the District of Columbia has established published precedent in:

> Maydak, 254 F.Supp 2d 23, [51]
> "A default occurs when "A party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...", supra. (entry of DEFAULT JUDGMENT for the relief requested must be granted)

and at 71, Maydak, supra, this Court concluded:

> "For all these reasons, the court grants the plaintiff's motion for default judgment."

This Court should refer to Plaintiff's "MOTION FOR ENTRY OF DEFAULT JUDGMENT" dated January 1, 2006.

Also, in Stern, supra, this Court at 289 determined and ORDERED:

> "Plaintiffs have "established [their] claim of right to relief by evidence that is satisfactory to the Court," as required by 28 U.S.C § 1608(e)."

Defendant admits that:

> "Plaintiff has secured an entry of default"

PLAINTIFF'S RESPONSE TO:
"MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS"
dated:   NOT DATED.

It is NOT jurisdictional where the signature of attorneys is NOT DATED.

It is not jurisdictional where the:

"MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS" is not dated.

TITLE 28, § 1654, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel,.

TITLE 28 -- Federal CIVIL JUDICIAL PROCEDURE and RULES, Judiciary and Judicial Procedure, Rule 7. Pleadings Allowed; Form of Motions (b) Motions and Other Papers.
  (3) All motions shall be signed in accordance with Rule 11."

## FAILURE TO PLEAD
## OR OTHERWISE DEFEND
## RESULTS IN DEFAULT JUDGMENT

---

Plaintiff, pro se, requests this Court to refer to "PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT" dated January 1, 2006.

    Maydak v U.S. Dept. of Justice, 254 F.Supp 2d, 23, 49 (D.D.C. 2003)
> [51] A default occurs when "A party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...,"
> Fed.R.Civ.P. 55(a).
> Although the default establishes a defendants liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. Adkins v Teseo, 180 F.Supp. 2d 15, 17 (D.D.C. 2001)
> When the damages cannot be calculated with relative simplicity, however, the court may order an evidentiary hearing. Cablevision Sys New York City Corp v Lokshin, 980 F.Supp. 107, 111-12 (E.D. N.Y. 1997) Finally, the movant is entitled to all reasonable inferences from the evidence offered. Au Bon Paint Corp. v. Artect, Inc. 653 F.2d, 61, 65 (2d Cir 1981)

71. IV. CONCLUSION
> "For all these reasons, the court grants the plaintiff's motion for default judgment. An Order direct the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this____day of December 2002."

    International Painters v R. W Amrine Drywall Co, 239 F.Supp. 26 (D.D.C. 2002)

30. [11] Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R.Civ P 55 (a).

    Stern v. Islamic Republic of Iran, 271 F.Supp. 2d, 286-288 (D.D.C. 2003)

288: "The defendants, despite being properly served with process pursuant to 28 U.S.C. 1608, have failed to answer or enter an appearance in this matter, and Defendants' default was entered by the Court on February 13, 2002, pursuant to 28 U.S.C. § 1608(e) and Fed.R.Civ.P. 55(a)
> Based upon the extensive evidence presented, the Court concludes that plaintiff's have established their claim and right to relief as set forth below.

289: Plaintiffs have "established [their] claim or right to relief by evidence that is satisfactory to the Court," as required by 28 U.S.C. § 1608(e).

Rule 11. "Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions
(a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any...An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to attention of the attorney or party."

Rule 4. SUMMONS.
(c) A summons shall be served together with a copy of the complaint.
Defendant has acknowledged "TIMELY RECEIPT OF SUMMONS"

Plaintiff sent PROOF OF SERVICE of SUMMONS on "Parties" to Clerk of this court.

See: Docket entry 1. 9-22-2005."

SEE: Exhibits herein:

U.S MAIL RECEIPTS attached to:

"CIVIL COMPLAINT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT"

dated: December 19, 2005,

and:

AFFIDAVIT ATTACHED."

Attached to December 19, 2005, supra, is photocopy of:

"RETURN OF SERVICE" and:

"CERTIFIED MAIL RECEIPT" upon:

1. U.S. ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, 650 Pennsylvania Ave., NW, Washington, D.C. 20530.

2. PRESIDENT GEORGE BUSH, WHITE HOUSE, 1600 Pennsylvania Ave., NW, Washington, D.C. 20001.

3. U.S. ATTORNEY, 501 3rd Street, NW, Washington, D.C. 20001.

-3-

## CONCLUSION

Plaintiff alleges that ENTRY OF JUDGMENT IN DEFAULT is mandated where defendant has failed to "timely" respond and/or failed to "timely defend."

FURTHERMORE, Plaintiff alleges that a "CRIMINAL INVESTIGATION" be ordered against the legal staff of Defendant on grounds of:

"PERJURY, DECEIT, DISHONESTY, FALSE SWEARING, possible "FALSIFICATION OF AFFIDAVITS", Possible "COERCING" of other levels of government employees to "FALSIFY" documents and/or AFFIDAVITS, and/or signatures separated from the documents should be considered as "SUSPICIOUS" whereas defendant's legal staff is already proved to be "falsification experts" and "ABOVE THE LAW" is a syndrome of lawyers when employed by United States government.

Maydak, supra, is contemporaneous to: International Painters, supra, at 30.:

[11] Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against who judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ P 55 (a), supra.

-4-

## RELIEF REQUESTED

WHEREAS, alleges Plaintiff, this Court is mandated to comply with previous precedents in this Court.

Plaintiff has cited Maydak v. U.S. Dept. of Justice, herein, supra, and this court has not reversed Maydak, supra, then it follows, pursuant to PRECEDENTS that a DEFAULT JUDGMENT is mandated:

...when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...,", supra, Maydak, at [51], et seq.

Plaintiff has proven to this Court that defendant has:

1. FAILED TO TIMELY RESPOND.

2. FAILED to DEFEND.

3. FAILED TO date some or all pleadings.

4. Defendant is accused herewith by Plaintiff that "false and/or perjurous statements have been attested to by Plaintiff's legal staff."

5. Plaintiff prays for the JUDICIAL RELIEF REQUESTED in COMPLAINT.

6. Plaintiff prays for MONETARY RELIEF to be ENHANCED and award Plaintiff the sum of $7,000,000.00.

SEVEN MILLION DOLLARS as financial reward that is justified whereas future COMPLAINTS to the Supreme Court will not be CONTESTED on grounds that the "CHIEF JUSTICE OF THE SUPREME COURT" was:

UNCONSTITUTIONALLY APPOINTED.

February 7, 2006

Respectfully submitted,
John Vincent Hyland, Jr.
Plaintiff, pro se

-5-