UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,             Case No. 1:05CV01878
   Plaintiff,

                           Honorable: JUDGE: Reggie B. Walton

-vs-

President George Bush
   Defendant.
_____/

PLAINTIFF'S REPLY BRIEF TO:

DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND
MOTION FOR LEAVE TO FILE MOTION TO DISMISS

---

February 2, 2006

                                          Respectfully submitted,

                                          /s/ John Vincent Hyland, Jr.
                                          Plaintiff, pro se
                                                     # 228879
                                Parnall Correction Facility
                                                 1790 Parnall
                                             Jackson, MI 49201

DEFINITIONS: Default judgment, and FRAUD.

BLACK'S LAW DICTIONARY - ABRIDGED SIXTH EDITION:
page 587 - Default judgment.
"A judgment rendered in consequence of the non-appearance of the defendant. Fed.R.Civil P. 55(a). One entered upon the failure of a party to appear or plead at the appointed time. The term is also applied to judgments entered under statutes or rules of court, for want of affidavit of defense, plea, answer, and the like, or for failure to take some required step in the cause. Judgments rendered on defendant's default are: Judgment by <u>default</u>; Judgment by <u>non sum informatus</u>; judgment <u>nil dicit.</u>

page 455 - FRAUD: "An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him <u>or to surrender a legal right</u>. A false representation of a matter of fact, whether <u>by words</u> or by conduct, by false or misleading allegations, or by <u>concealment</u> of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury. Anything calculated to deceive, whether by a single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or innuendo, by speech or silence, word of mouth, or look or gesture. A generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions <u>or by suppression of truth</u>, and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc."
    Elements of a cause of action for "fraud" include false representations of a present or past fact made by defendant, action in reliance thereupon by plaintiff, and damage resulting to plaintiff from such misrepresentation.
    (Emphasis added)

PLAINTIFF'S
CAUSE OF ACTION
ON GROUNDS OF FRAUD ON THE COURT
and
FRAUD UPON PLAINTIFF
NOT TIME BARRED.

---

NOW COMES Plaintiff, pro se, and alleges FRAUD UPON THE COURT by defendant, NOT TIME BARRED.

1. Plaintiff, John Vincent Hyland, Jr., alleges FRAUD UPON THE COURT and FRAUD UPON THIS PLAINTIFF, by legal staff(s) of defendant.

2. The allegation of FRAUD UPON THE COURT mandates a <u>hearing</u> to prove or disprove the allegation because such allegation is/are of the "highest order."

3. SEE:

"DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE DEFAULT AND MOTION FOR LEAVE TO FILE MOTION TO DISMISS."

4. fourth line of 3, supra:

"Defendant, however, did not receive a copy of plaintiff's motion until December 30, 2005, <u>thus defendant was unable to prepare an answer or respone to plaintiff's complaint and motion for default judgment.</u>"

-2-

5.0. HEREWITH, alleges plaintiff, attached is PROOF that Defendant and "counsels" were served with the CIVIL COMPLAINT, supra.:

5.1. EXPEDITED LEGAL MAIL, with CERTIFIED MAIL RECEIPT # 7000 0520 0014 3827 5846 was served upon defendant President George Bush, September 29, 2005.

5.2. EXPEDITED LEGAL MAIL, with CERTIFIED MAIL RECIEPT # 7000 0520 0014 3827 5785 was SERVED upon:

U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001, September 29, 2005.

5.3. EXPEDITED LEGAL MAIL, with CERTIFIED MAIL RECEIPT # 7000 0520 0014 3827 5839 was served upon defendant attorney:

U.S. Attorney General, Department of Justice, 650 Pennsylvania Ave, N.W., Washington, D.C. 20530, September 29, 2005.

6. EXHIBITS ATTACHED, "EXPEDITED LEGAL MAIL" as cited supra.

7. This same information and RECEIPTS was forwarded to the CLERK OF THE COURT and is recorded as DOCKET ENTRY # 1, 09/22/05 "Docket Text", EXHIBIT.

8. DEFENDANT'S MOTION, supra, is NOT DATED. Even the last page, page 4, is NOT DATED after CONCLUSION, nor is there a REQUEST FOR RELIEF.

9. Similarly at page 4, supra, DEFENDANT, CONCLUSION failed to establish what RELIEF is requested by defendant.

4. Page 4, B., 8th line, defendant alleges:

"Because plaintiff is incarcerated, and is proceeding pro se, Local Rule 7(m) does not apply to this motion, and defendant therefore has not obtained his position as to the relief requested."

10. It is well-established law practice that when a party refers to a "Local Rule 7(m) as authority for disposing of the Plaintiff's "CIVIL COMPLAINT, JURY DEMAND", the party, in this case DEFENDANT, must supply a copy of the RULE cited.

11. FUTHERMORE, alleges pro se plaintiff, "prisoner litigants are held to a less stringent standard than attornyes filing formal briefs."

Haines v Kerner, 404 U.S. 519, 520 (1972) per curiam.

12. ONCE UPON A TIME a fairy tale was pronounced and became legendary:

"I cannot tell a lie. I cut down the cherry tree."

13. Of course, as I faithfully believe and surmise, President George Washington was not an attorney and therefore blessed
with such things as the United States of America CONSTITUTION, that is "cast in stone":

14. Preamble:

"We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility,...do ordain and establish this Constitution for the United States of America."

15. and then of course there is the FOURTEENTH AMENDMENT which is
in question here also because the lawyers have lied, perjured, cheated, defrauded and committed PERJURY in its responsive pleading of this case at bar.

16. SO ALLEGES Plaintiff, John Vincent Hyland, Jr.,.

-4-

17. "DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT AND MOTION FOR LEAVE TO FILE MOTION TO DISMISS"

is a fraudulent, KNOWINGLY FRAUDULENT, allegation at page one (1), (not numbered) , line 4, whereas defendant states:
"Defendant, however, did not receive a copy of plaintiff's motion until December 30, 2005, thus defendant was unable to prepare an answer or response to plaintiff's complaint"...

18. SEE: Plaintiff's EXHIBIT of SUMMONS, and "certified mail receipts" "EXPEDITED LEGAL MAIL" addressed to:
"President George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave., NW, Washington, D.C. 20001."

19. This is inculpatory EVIDENCE, unimpeachable EVIDENCE that:
attorneys for DEFENDANT President George Bush, are: PERJURORS

-5-

PLAINTIFF'S BRIEF
CHARGING DEFENDANT WITH:
FRAUD ON THE COURT,
FRAUD UPON PLAINTIFF,
MISREPRESENTATIONS,
PERJURY, DECEIT, etc.

---

International Painters v R.W. Amwire Drywall Co., 239 F.Supp. 2d. 26 (D.D.C. 2002)

30. III. Analysis. A legal standard for Default Judgment Pursuant to ERISA.

[1] Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Fed.R.Civ.P 55(a)

[2-6] A defaulting defendant is deemed to admit every well-pleaded allegation in complaint. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir 1971)

Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain.

Finally, the movant is entitled to all reasonable inferences from the evidence offered. AuBon Pain Corp v. Artec, Inc., 653 F.2d 61, 65 (2d Cir. 1981)

31. The defendants have failed to answer or otherwise defend this action. Consequently, the clerk of the court entered default, pursuant to Rule 55.

33. IV. CONCLUSION
For all these reasons, the court grants in part and denies in part the plaintiff's motion for default judgment."

International Painters Fund v. H.W. Ellis Painting, 288 F.Supp. 2d, 22 (D.D.C. 2003)

26. By relying on the mere existence of settlement negotiations as an excuse for failing its responsibilities to the Court, however, defendant has failed to protect its own interests in this litigation. See, Simon v Pay Tel Mgmt, Inc., 782 F. Supp. 1219, 1226 (N.D. Ill. 1991) (Refusing to vacate default judgment where it intentionally decided to vacation of a default judgment where it intentionally decided to ignore court action and instead engaged counsel to negotiate settlement but not to litigate); see also Zuelzke Tool & Eng'g Co., v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir. 1991) (where a party willfully abdicates its responsibilities to the court, relief from judgment is not warranted).

31. CONCLUSION.
For the foregoing reasons, the entry of default judgment in the amount of $41,287.50 will not be disturbed, and defendant's motions are denied.

31. ORDER
For the reasons stated in the accompanying Memorandum Opinion, it is this 27th day of October, 2003, hereby ORDERS that Defendants Motions to Set Aside Entry of Default and for Relief from Default Judgment are Denied;

and it is
FURTHER ORDERED that the Judgment entered on September 10, 2003, is affirmed."

-6-

SCIMED LIFE SYSTEMS, INC. v. Medtronic Ave Inc, 297 F.Supp 2d 4 (D.D.C. 2003)

9. [3] The standard in this court for granting a motion for default judgment is set forth in Jackson v Beech, 636 F.2d 831 (D.D.Cir. 1980), as well as Rule 55 of the Federal Civil Procedure. ...[a]nd the default judgment is normally reserved for a "totally unresponsive party." Id at 835.

[4] The Court in Combs (v Nick Garin Trucking, 825 F 2d 437 (D.C. Cir. 1987) listed three factors to consider when setting aside default judgment, which is relevant to this Court's determination as to whether default judgment is appropriate in the first place; whether the default was willful, whether denying default would prejudice the moving party, and whether the alleged defense--here, the plaintiff's claim--is meritorious. As mentioned previously, the Court does not find willful default in this case. Scimed has been responsible to every pleading and motion.

[5] Given this Circuit's disfavor toward default judgment and strong preference for adjudication of claims on their merits, if Medtronics is as truly meritorious as it claims in its papers, a motion for summary judgment would be the proper procedure for addressing which party is the true party at interest in the Martin patent. A motion for default judgment should not be used as a motion in limine to prevent a party from presenting proofs or making claims.

For those reasons set forth above, Med Tronic's Motion for default judgment is denied.

[6] Although the Court denies Medtronic's motion for default judgment against Scimed, the Court grants its motion for entry of default as to Martin, but reserves ruling on what relief should be granted:

While finding that Martin is in default, the Court will therefore reserve entering judgment against Martin until Medtronic's counterclaim is adjudicated on the merits."

11. III CONCLUSION

GRANTS Medtonic's motion for entry of default judgment against Martin. (#17).

In Hyland v Bush, at bar, the defendant was served summons, complaint, and subsequent pleadings pro se as were the two "LEGAL REPRESENTATIVES" for defendant.

WHEREAS neither defendant nor defendant's "legal representatives" reply to the CIVIL COMPLAINT it must therefore be resolved that this Court is empowered, and, alleges Plaintiff, must award Plaintiff the RELIEF REQUESTED.

-7-

TRIAL COURT FAILED TO

"sign"

"ORDER"

1. This United States District Court For The District of Columbia, <u>printed an "ORDER"</u> and the "<u>ORDER</u>" is typed at page 3 as: **SO ORDERED.**

2. However, as anyone can PLAINLY see:

3. There isn't a signature.

4. Docket entry # <u>4</u> 10/28/05 states:

"answer due 12/19/05 (td,) (Entered: 11/03/2005) EXHIBIT.

5. Two docket entries "RETURN OF SERVICE Executed on Attorney General 10/12/05 and SUMMONS and COMPLAINT Executed as to GEORGE BUSH served 10/18/05, <u>answer due 12/19/05</u> (td,) (Entered: 11/28/2005)

```
6. Rule 77. District Courts and Clerks,
(c) Clerk's Office and Orders by Clerk
All motions and applications in the clerk's office...for
issuing final process to enforce and execute judgments,
for entering defaults or judgments by default, and for
other proceedings which do not require allowance or order
of the court are grantable of course by the clerk; but
the clerk's action may be suspended or altered or rescinded
by the court upon cause shown."

(d) Notice of Orders or Judgments.
Immediately upon the entry of an order or judgment the
clerk shall serve a notice of the entry by mail in the
manner provided for in Rule 5 upon each party who is not
in default for failure to appear, and shall make a note
in the docket of the mailing. Any party may in addition
serve a notice of such entry in the manner provided in
Rule 5 for the service of papers. Lack of notice of the
entry by the clerk does not affect the time to appeal or
relieve or authorize the court to relieve a party for
failure to appeal within the time allowed, except as
permitted in Rule 4(a) of the Federal Rules of Appellate
Procedure."
```

## CONCLUSION

Plaintiff, pro se, requests this Honorable District Court of the District of Columbia, to DENY defendant's counsels':

MOTION TO VACATE DEFAULT JUDGMENT AND

MOTION FOR LEAVE TO FILE MOTION TO DISMISS.

Plaintiff alleges that DEFENDANT'S counsel has committed fraud, fraud upon the court, perjury, purjured testimony, deceit, and willful and "wanton misconduct."

BLACK'S LAW DICTIONARY - Abridged Sixth Edition, page 1093:

"Wanton misconduct"

Act or failure to act, when there is a duty to act, in reckless disregard of rights of another, coupled with a consciousness that injury is a probable consequence of act or omission."

Plaintiff alleges that counsels for the President of the United States must obey the law.

Counsels failed, wantonly, knowingly, wilfully, and thusly committed a FRAUD UPON THE COURT, and FRAUD UPON plaintiff.

Plaintiff has alleged that the President of the United States failed to obtain CONSTITUTIONAL JURISDICTION to appoint a "CHIEF JUSTICE OF THE SUPREME COURT" and that failure can only be considered to be done, knowinlgy, wilfully, wantonly, maliciously, fraudulently, and premeditated.

-9-

## RELIEF REQUESTED

1. ORDER that defendant's counsel(s) has (have) DEFAULTED

2. ORDER that defendant is in DEFAULT.

3. ORDER that defendant will be held accountable to the breach of authority whereas defendant's appointment of CHIEF JUSTICE of the Supreme Court was knowingly, willfully, maliciously, and in conspiracy(ies) with others.

4. ORDER that John Roberts must be vacated, ab initio of the office of "CHIEF JUSTICE", forthwith.

5. ORDER that defendant has failed to plead or otherwise DEFEND this case at bar and is therefore in DEFAULT.

6. ORDER that an independent investigation be brought forth concerning the malfeasance(s) of defendant, and malfeasance(s) of defendant's counselors in this matter at bar.

7. ORDER that an investigation be brought forth and that clerks of the various government departments that are counselors for the President of the United States be tried on charges of "RICO", 18 U.S.C. § 1961, and subornation of RICO, et seq.

8. ORDER DEFAULT JUDGMENT in favor of Plaintiff and award Plaintiff the sum of:

$7,000,000.00   SEVEN MILLION DOLLARS.


February 7, 2006

Respectfully submitted,
John Vincent Hyland, Jr.,
Plaintiff, pro se

| MICHIGAN DEPARTMENT OF CORRECTIONS | 4835-3318 5/02 |
|---|---|
| DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER) | CSJ-318 |

Please PRINT clearly illegible and/or incomplete forms will not be processed.

**Lock:** 7-B-10   **Institution:** Parnall

**Prisoner Number:** 228879   **Prisoner Name (Print Clearly):** John Hyland

☒ Legal Postage   ☐ Filing Fee $ _____   ☒ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case   ☒ Case Number 1:05-CV-1878

**Pay To:** Postage - Certified Mail
**Mailing Address:** President George Bush
White House
1600 Pennsylvania Ave NW
Washington, DC 20001

The following section must be completed in Authorizing Staff Member's presence.

**Date & Time Submitted:** 9-29-05  1500
**Staff Signature:** [signature]
**Received by Authorizing Staff:** 09/29/05  1500 Hr

Certified Mail Number: 7000 0520 0014 3827 5846

filing fee as identified in CFA OP 05.03.118.

☐ New case or case number not on form.
☐ Other _____

**U.S. Postal Service CERTIFIED MAIL RECEIPT** (Domestic Mail Only; No Insurance Coverage Provided)

Postage $ ____
Certified Fee ____
Return Receipt Fee (Endorsement Required) ____
Restricted Delivery Fee (Endorsement Required) ____
Total Postage & Fees $ ____

Summons and Complaint

**Recipient's Name:** President George Bush
**Street, Apt. No. or PO Box No.:** White House 1600 Pennsylvania Ave N.W.
**City, State, ZIP+4:** Washington D.C. 20001

PS Form 3800, February 2000   See Reverse for Instructions

**Placed in Mail by (Print Name & Title):** J Eberly
**Signature:** J Eberly
**Postage Amount:** $ 5.34   **Date & Time Placed in Outgoing Mail:** 10/3/5  10:00
Cert.

Only Business Office Staff Are to Write in the Section Below

| Obligation Amount | Actual Expense | |
|---|---|---|
| | | |
| | | |
| | 5.34 | |

☐ Court Filing Fee Denied due to NSF.

**Date Posted:** 10-5-05
**Date & Time Copy Sent to Prisoner:** 10 5 05 10:30

**Processed By (Print Name & Title):** S. Knickerbocker, Acct. Asst. E-8
**Signature:** S Knickerbocker