UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1878 (RBW) |
| GEORGE BUSH, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR IMPOSITION OF FILING RESTRICTIONS
AGAINST PLAINTIFF AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, President George Bush, by and through his attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court restrict plaintiff's filing of other motions, and further relieve the defendant of the obligation to respond to any pending or further motions filed by plaintiff absent an order of the Court, pending a resolution of the fully briefed dispositive motions.  Plaintiff has filed motions having an improper purpose, in violation of Rule 11 (b)(1), knowing that the claims and other legal contentions therein are not warranted by existing law or are supported by frivolous arguments, in violation of Rule 11 (b)(2), or knowing that the factual allegations and other factual contentions do not have evidentiary support, in violation of Rule 11 (b)(3).  Defendant seeks this remedy in lieu of sanctions that are otherwise available against plaintiff pursuant to Fed. R. Civ. P. 11(c), but, nonetheless, based on the guidance that this Rule offers, and the general authority of the court pursuant to Article III of the U.S. Constitution and Title 28 U.S.C. § 1651(a).  In further support of this motion, defendant submits and relies upon the following points and authorities:

Since the initiation of this suit on September 22, 2005, plaintiff has filed a steady stream of documents including (1) a response to clerk's suggestion of hearing by magistrate; (2) motion to set aside clerk's order for defendant's reply; (3) an amended complaint; (4) an affidavit for default; (5) Motion for default judgment; (6) civil statement dated 1/17/06; (7) motion to dismiss defendant's motion for leave to file motion to dismiss; (8) a second civil statement dated 1/26/06; (9) motion for sanctions; (10) motion for order; (11) response to motion to dismiss; (12) motion for order that designation of chief justice is unique; (13) a third civil statement dated 2/10/06; and finally (14) a response to defendant's motion to vacate default judgment and motion for leave to file motion to dismiss.[1]  With a few exceptions, none of those motions have any basis in fact or law, and instead, are frivolous and are intended to harass the defendant.  Defendant's original motion to dismiss is still pending before this Court and plaintiff continues to file frivolous motion in response to that pleading.

Moreover, the claims made by plaintiff have escalated in their allegations and rhetoric.  Initially, plaintiff asserted that President Bush was trying to fix the appointment of the Chief Justice of the Supreme Court.  Plaintiff then began to accuse counsel for defendant, without any evidence or rational reason, of committing fraud before this Court, of failing to comply with rules of service, and goes as far as to ask for sanctions against defendant's counsel.  He also states that defendant's Motion to Dismiss is "nauseous" and that defendant's "legal staff is incompetent" and that counsel would "lie," "fire or terminate or transfer government employees to cover their own negligence."  See Pl. Motion to Dismiss, p. 5.  Plaintiff's motions, and his behavior toward counsel, are clearly

---

[1] Plaintiff also filed three additional pleadings as defendant was preparing to file this motion. See Docket Entries 22, 23 & 24.

not being presented for a proper purpose, are based on an unwarranted or frivolous argument, and are based upon allegations and other factual contentions that are without evidentiary support.[2]

The Court has previously authorized sanctions against litigants who confuse quantity with quality and barrage the Court with filings, as plaintiff has done in this case. Pigford v. Veneman, Civ. Act. No. 97-1978 (D.D.C. 2005) (citing Moore v. National Children's Center, Civ. Act. No. 96-0118 (D.D.C. 1997)).

Given plaintiff's evident propensity to file multiple complaints and motions of insignificant or no merit, defendant requests that the Court enter an Order relieving the defendant of any obligation to respond to any pending or future motions filed by plaintiff, unless upon order of this Court. Such an Order would be consistent with resolving this case in a manner that protects the efficiency and integrity of the litigation process and would save the Court from having to rule on a series of motions that, from all indications, are frivolous and unnecessary. Although defendant submits that the principles set forth in Rule 11 have been violated, he is not seeking sanctions and thus is not attempting to comply with the 21-day notice and opportunity to withdraw provisions set forth in Rule 11 (c)(1)(A).

---

[2] Truesdale v. Southern California Permanente Medical Group, 293 F.3d 1146, 1153 (9th Cir. 2002); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) (District court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990); Selvy v. HUD, 198 F.R.D. 485, 486-87 (E.D. MI 2000) (indigent and mentally disturbed litigant subject to sanctions); Cox v. Preferred Technical Group, Inc., 110 F. Supp. 2d 786, 789-90 (N.D. IA 2000) (Pro se plaintiff subject to sanctions); Del Canto v. ITT Sheraton Corp., 865 F. Supp. 934, 938 (D.D.C. 1994) (Standards for evaluating 11(c) requests); see also, In re Martin Trigona, 737 F.2d 1254, (2d Cir. 1984), cert. denied 474 U.S. 1061 (1986) (Federal courts have both inherent power and constitutional obligation to protect jurisdiction from conduct which impairs Article III functions and to enjoin a party's litigation activities).

Although plaintiff in not proceeding *in forma pauperis* in this matter, defendant notes that the principles recognized in 28 U.S.C. § 1915(e) discourages the Court from considering claims that are "essentially fictitious," as opposed to doubtful or questionable.[3]  Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (citing, among other cases, Neitzke v. Williams, 490 U.S. 319 (1989) and Hagans v. Lavine, 415 U.S. 528 (1973)).  Plaintiff's allegations that President Bush fixed the nomination of the Chief Justice of the Supreme Court is ridiculous, opaque, nonsensical, and frivolous.  Whitehead v. Paramount Pictures, Corp., 145 F. Supp. 2d 3, 5 (D.D.C. 2001).  In Whitehead, the Court found that no adverse decision would deter the plaintiff from continuing to file.  The Court in that case determined that "the Court will tolerate [plaintiff's] abuses of the judicial system no longer." Id.

WHEREFORE, defendant respectfully submits that this motion for imposition of filing restrictions against plaintiff should be granted.  A proposed Order consistent with this Motion is attached.[4]

---

[3] 28 U.S.C. § 1915(e)(2) states, in pertinent part, that when a plaintiff files *in forma pauperis*, the court may dismiss *sua sponte*, "notwithstanding any filing fee . . . that may have been paid," complaints that are "frivolous or malicious" or "fail to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

[4] Although it is the general practice of this Office to attempt to confer with non-prisoner, *pro se*, parties about non-dispositive motions, but see LCvR 7(m) (limiting duty to confer to "counsel" and "opposing counsel"), the content and tone of plaintiff's filings demonstrate that any such attempt here would be futile and would serve no useful purpose.  Furthermore, plaintiff is currently incarcerated.  There is no reason to doubt that plaintiff opposes this Motion.

February 22, 2006                              Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion for Imposition of Filing Restrictions Against Plaintiff has been mailed, postage prepaid, this 22nd day of February, 2006 to:

John Hyland, Jr.
#228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI  49201

/s/_____
John Henault
Assistant United States Attorney