# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
  Plaintiff,

            Case No. 1:05CV01878

       Honorable: JUDGE: Reggie B. Walton

-vs-

United States of America.
  Defendant.

and: President George Bush,
    Defendant,

  (Formerly: Exclusively Defendant: President George Bush)

_____/

JURY DEMAND

CLAIM EXCEEDS $ 50,000.

### PLAINTIFF'S MOTION and BRIEF
### TO ADD PARTY DEFENDANT:

#### United States of America.

---

February 10, 2006

Respectfully submitted,

John Vincent Hyland, Jr.,
Plaintiff, pro se

## PLAINTIFF'S MOTION TO ADD PARTY
### DEFENDANT.

---

NOW COMES, Plaintiff, John Vincent Hyland, Jr., and ADDS party as additional DEFENDANT as:

UNITED STATES OF AMERICA, Defendant.

Pursuant to: United States v Rumsfeld, Sec of Defense, (U.S. Ex. Rel. New v Rumsfeld, 350 F.Supp. 2d 80 (D.D.C. 2004)
82. 10. Constitutional Law. The "political question doctrine is essentially a function of the separation of powers, insofar as it is beyond the competence or authority of the judicial branch to review certain decisions constitutionally committed to the political branch or, in some cases, to interfere in controversies between those branches by fixing the allocation of powers between Congress and the president under the Constitution."

HEREWITH:
United States of America, is named as additional party

defendant.

February 10, 2006

                                    Respectfully submitted,
                                    John Vincent Hyland, Jr.,
                                    Plaintiff, pro se

Plaintiff requests this Court to grant pro se motion to ADD name "United States of AMERICA" as substitute "primary defendant" to current defendant President George Bush as subordinate addition and add defendant as:

UNITED STATES OF AMERICA.

Plaintiff will remain as "Plaintiff, pro se, John Vincent Hyland, Jr.,

NOW COMES Plaintiff, John Vincent Hyland, Jr., with "newly discovered evidence" that the current defendant President George Bush, is "immune" from civil complaint.

Pursuant to:
Cox v Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990);
29.: The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individual or the particular government agencies.
Since the plaintiff elected to sue the Secretary of Labor in her official capacity rather than the government itself, the complaint must fail for that reason alone for lack of subject matter jurisdiction. See Kline 603 F.Supp. at 1317-17.
29. ("Since the complaint is based exclusively on federal law, the FTCA is inapplicable"); United States v Smith, 324 F.2d 622, 624-25 (5th Cir 1963)
29. [T]he district court...shall have exclusive jurisdiction of civil actions on claims against the United States for money damages...for injury or loss of property, or
negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

United States v Rumsfeld, Sec of Defense (U.S. Ex Rel. New v Rumsfeld, 350 F.Supp. 2d 80 (D.D.C. 2004)
82. 10. Constitutional Law. The "political question doctrine" is essentially a function of the separation of powers, insofar as it is beyond the competence or authority of the judicial branch to review certain decisions constitutionally committed to the political branches or, in some cases, to interfere in controversies between those branches by fixing the allocation of powers between Congress and the president under the Constitution."

Plaintiff alleges that the appointment of a justice to the Supreme Court is within the powers of the President. U.S. Const. Article II Section 2.[2] He shall have Power,...and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court,..

Plaintiff's argument is that "appointment of a "Judges of the Supreme Court," is <u>not</u> the same as <u>"CHIEF JUSTICE"</u> f of the United States Supreme Court.

Plaintiff has argued and made issue in the CIVIL COMPLAINT, September 16, 2005, page 10, <u>"SEVENTH CAUSE OF ACTION:</u>

7.1. Title 28--JUDICIARY AND JUDICIAL PROCEDURE:

Supreme Court Rules, p. 489:

§ 3. Vacancy in office of Chief Justice: disability.


7-2. Whenever the Chief Justice is unable to perform the duties of his office <u>or the office is vacant</u>, his powers and duties <u>shall</u> devolve upon the associate justice next in precedence who is able to act, until such disability is removed <u>or another Chief Justice is appointed and duly qualified.</u>"

7-3. § 4. Precedence of associate justices., p. 489.
"Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age."

7-4. 28 § 2. Terms of court. p. 489.
"The Supreme Court shall hold at the seat of government a term of court commencing on the first Monday in October of each year and may hold such adjourned or special terms as may be necessary."

7-5. <u>supra</u>, the:
FEDERAL CIVIL JUDICIAL PROCEDURE and RULES, TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE is clear and that clarity is a CAUSE OF ACTION.

7-6. Plaintiff's <u>DEMAND</u> for AWARD of $7,000,000.00 (as amended) is warranted because any case that is decided in the

Supreme Court is open to attack that the Chief Justice that was appointed by President George Bush is without lawful authority and is contrary to Title 28 - JUDICIARY AND JUDICIAL PROCEDURE as recited in the PRO SE COMPLAINT of September 16, 2005, docketed in the court as:

   7-7. CIVIL DOCKET FOR CASE #; 1:05-cv-01878-RBW, entry # 1, September 22, 2005. and the filing fee paid $ 250.

   7-8. The Constitution does <u>not</u> provide the President with lawful authority to appoint a "<u>CHIEF JUSTICE</u>" of the Supreme Court.

   7-9. Plaintiff <u>GRIEVES.</u>

## ISSUE ONE

## THE CONSTITUTION OF THE UNITED STATES

---

**1. THE CONSTITUTION OF THE UNITED STATES**
Preamble:
"We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America."

**2. Plaintiff alleges:**

The "government" of United States is the "People" as cited in the Preamble to the Constitution which is based upon ..."in Order to form a more perfect Union, establish Justice,...do ordain and establish this Constitution for the United States of America." (emphasis added)

**3.** Black's Law Dictionary - Abridged Sixth Edition, page 1065: "Union" "A league a federation; an unincorporated association of persons for a common purpose;"
and:

**4.** Article II, Section 1. [8] "Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation: "I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the United States, and will to the best of my Ability, preserve, protect and defend the Constitution of the United States."

**5.** Article III Section 1. "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."

6. Article IV. Section 2. [1]  The Citizens of  each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

7. Article VI [2]  This Constitution, and the Laws of the United States which shall be made in Pursuance thereof;...shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

8. Amendment XIV [1868]

Section 1. "No State shall make or enforce any law which which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to <u>any person</u> within its jurisdiction the <u>equal protection of the laws</u>."  (Emphasis added)

<u>Plaintiff's Constitutional Argument:</u>

9. Plaintiff alleges that the President of the United States is a "member" of the United States "unincorporated union" and is held to the same standards of obedience to the Constitution as anyone and everyone of the United States.

10. The Constitution has never put the President out of reach of the Fourteenth Amendment nor out of reach of Article One, supra.

11. Article I, Section 1.  "All legislative Powers herein granted shall be vested in one Congress of the United States,

which shall consist of a Senate and House of Representatives.

Section 3.

[6] The Senate shall have the sole Power to try all Impeachments...When the President of the United States is tried, the Chief Justice shall preside:

12. Article VI [2]  This Constitution, and the Laws of the United States which shall be made in Pursuance thereof;...and the Judges in every State shall be bound thereby any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

## ISSUE TWO

### SERVICE ON PARTIES

1.    Plaintiff challenges defendant's attorney John F. Henault to _prove_ at item 4. PLAINTIFF HAS NOT SERVED THE DEFENDANT PERSONALLY"

2.    Defendant's attorney John Henault is rediculously inaccurate.

3. Plaintiff's PROOF OF SERVICE(s).

(a) Item 4, dated October 28, 2005 "Summons and Complaint Executed on Attorney General..

(b) RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to GEORGE BUSH.

4. This Court's record has all the PROOFS OF SERVICE that Plaintiff John V. Hyland, Jr., mailed "EXPEDITED LEGAL MAIL - FIRST CLASS POSTAGE and Plaintiff has ALL THE RECEIPTS.

5. The clerk of this court was furnished with the EXECUTED SUMMONS on all parties:

6.    President George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave, NW, Washington, D.C. 20001.

7.    U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001.

8. Attorney General, Department of Justice, 650 Pennsylvania Ave, NW, Washington, D.C. 20530

9. SEE: PLAINTIFF'S BRIEF CITING MAYDAK, infra MANDATING: ENTRY BY TRIAL COURT OF "DEFAULT JUDGMENT"

and at page 3 there is a list and photo copy of:

10. U.S. MAIL RECEIPTS attached to: "CIVIL COMPLAINT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT" dated: December 19, 2005, AFFIDAVIT ATTACHED and Attached to December 19, 2005, supra, is photocopy of: "RETURN OF SERVICE" and:

"CERTIFIED MAIL RECEIPT" upon:

11. U.S. ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, 650 Pennsylvania Ave., NW, Washington, D.C. 20530.

12. PRESIDENT GEORGE BUSH, WHITE HOUSE, 1600 Pennsylvania Ave., NW, Washington, D.C. 20001.
and:

U.S. ATTORNEY, 501 3rd Street, NW, Washington, D.C. 20001.

Photo copy attached of page 3, supra.

This Court's clerk has entered.

13. Enclosed as EXHIBIT is Plaintiff's letter to President George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave., NW, Washington, D.C. 20001, dated February 8, 2006.

14. John F. Henault, Assistant United States Attorney, has "fibbed to this Court.", re: attorney John Henault's reference at page (unnumbered), item 4. "PLAINTIFF HAS NOT SERVED THE DEFENDANT PERSONALLY".

Defendant's attorney John Henault at page (unnumbered)

15. Item 2. "PLAINTIFF FAILS TO STATE A CLAIM THAT CAN WITHSTAND ABSOLUTE IMMUNITY" is an intentional "grab-bag" of legalese that is absolute NOT TRUE.

16. The President of the United States is not immune wherever he is without lawful jurisdiction to make ORDERS, and:

and:

17. WHERE there is an "APPOINTMENT" by the President of the United States that is "exclusive" to a specific part of government, i.e. Supreme Court, then there is NO AUTHORITY established ANYWHERE to appoint a "CHIEF JUSTICE."

18. Again, alleges plaintiff, the CHIEF JUSTICE is exclusively settled jurisdiction within the United States Constitution that clearly and unambiguously refrained from citing:

"Supreme Court Justice" Article II, Section 2. [2] "He shall have Power, and he shall nominate...Judges of the Supreme Court,"

19. Plaintiff's argument is that the Constitution does NOT permit the President of the United States to "appoint a CHIEF JUSTICE of the Supreme Court.

20. Plaintiff has ISSUED in his CIVIL COMPLAINT, JURY DEMAND, DAMAGES EXCEED $50,000. that the appointment of selection of a Chief Justice of the Supreme Court of the United States of America, is vested exclusively with the PRESIDING JUSTICES of the Supreme Court.

21. The words as descriptive re: Judge or Justice, or "CHIEF JUSTICE OF THE SUPREME COURT OF THE UNITED STATES OF AMERICA" is exclusive and even the first letter of the spelling of Chief Justice is capitalized and proves beyond any doubt that the CONSTITUTION provides for exclusiveness as to the DESCRIPTION of the Chief Justice of the Supreme Court.

-10-

22. In Plaintiff's "PROPOSED ORDER" to this court dated February 6, 2006, Plaintiff at item 4. cited Constitution Article II, Section 2., clause [2] ..."Judges of the Supreme Court,..

23. See:

PLAINTIFF'S MOTION February 6, 2006, FOR THIS COURT TO ISSUE ORDER THAT DESIGNATION: CHIEF JUSTICE  IS UNIQUE.

Citing TITLE 28 -- JUDICIARY AND JUDICIAL PROCEDURE, page -2-, (of "CHIEF JUSTICE IS UNIQUE" heading on cover page February 6, 2006, item:

"FIRST CAUSE OF ACTION:

IS THE DESIGNATION "CHIEF JUSTICE" UNIQUE  and A SEPARATE CLASSIFICATION FROM "JUSTICE OF SUPREME COURT?"


1.3. JUDGES-CONFERENCES-COURTS
CHAPTER 13--ASSIGNMENT OF JUDGES TO OTHER COURTS:
§ 291 (a) The Chief Justice of the United States may...

24. So Says:  GRIEVANT, John Vincent Hyland, Jr., pro se.

Plaintiff  GRIEVES.

## CONCLUSION

Defendant President George Bush's attorney represenative, submitted:

"DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR SANCTIONS, MOTION TO DISMISS DEFENDANT'S MOTION FOR LEAVE AND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS.

Signed by: John F Henault, Assistant United States Attorney, and dated the CERTIFICATE OF SERVICE as: February 8, 2006.

   Plaintiff herein has submitted:


   PLAINTIFF'S MOTION and BRIEF
    TO ADD PARTY DEFENDANT:

United States of America.

-------


## RELIEF REQUESTED

Plaintiff requests this Honorable District Court of the

District of Columbia to grant pro se Plaintiff's:

PLAINTIFF'S MOTION and BRIEF
TO ADD PARTY DEFENDANT:

United States of America.

-------

February 10, 2006

Respectfully submitted,

John Vincent Hyland, Jr.,
              Plaintiff, pro se

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
   Plaintiff,

Case No. 1:05CV01878

Honorable: JUDGE: Reggie B. Walton

-vs-

United States of America.
   Defendant.

and: President George Bush,
   Defendant,

(Formerly: Exclusively Defendant: President George Bush)

_____/

### PROOF OF SERVICE

NOW COMES, Plaintiff, pro se, John Vincent Hyland, Jr, and swears under penalty of perjury that he placed the following in the mail with first class postage affixed, February 15, 2006.

1. Two copies to: CLERK, U.S. District Court, District of Columbia, U.S. Courthouse, 333 Constitution Avenue, N.W. Washington, D.C. 20001.

2. One copy to each of:
U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001
and
U.S. Attorney General, D.O.J. 650 Pennsylvania Ave. NW, Washington, D.C. 20530.

PLAINTIFF'S MOTION and BRIEF
TO ADD PARTY DEFENDANT:

United States of America.

---

On February 15, 2006

Respectfully submitted,

John Vincent Hyland, Jr.,
     Plaintiff, pro se
     # 228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI 49201

Courtesy copy to: President George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave, NW, Washington, D.C. 20001.