UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN HYLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-1878 (RBW) ) |
| GEORGE BUSH, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR IMPOSITION OF FILING RESTRICTIONS AGAINST PLAINTIFF**

Defendant, President George Bush, by and through his attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply in support of Defendant's Motion for Imposition of Filing Restrictions Against Plaintiff. Plaintiff's opposition, in summary, appears to argue (1) that he is entitled to a jury; (2) that the Court should impose sanctions against the defendant for default judgment; (3) incorrectly states that he has personally served the defendant; (4) incorrectly states that defendant has not answered the complaint; (5) that the Court should be ordered to investigate defendant's "fraud"; and (6) that defendant and counsel should be sanctioned by the court for "perjury, deceit, and irresponsibilities." Plaintiff sums up his opposition with incoherent language regarding the appointment of the Chief Justice of the Supreme Court, Hurricane Katrina, and President's Bush's service in the National Guard.

In sum, plaintiff has provided no evidence to rebut defendant's arguments stated in defendant's Motion for Imposition of Filing Restrictions Against Plaintiff. Instead, plaintiff continues to file motions having an improper purpose, in violation of Rule 11 (b)(1), knowing that

the claims and other legal contentions therein are not warranted by existing law or are supported by frivolous arguments, in violation of Rule 11 (b)(2), or knowing that the factual allegations and other factual contentions do not have evidentiary support, in violation of Rule 11 (b)(3).  By way of example, as defendant was preparing his motion for imposition of filing restrictions, plaintiff filed three additional pleadings.  See Docket Nos. 22, 23, and 24.  These consisted of (1) a motion to reconsider and rehear plaintiff's motions; (2) a notice regarding default; and (3) a motion for reconsideration.  Since that time, plaintiff has filed three additional pleadings including (1) a motion to add party defendant United States of America; (2) a motion to comply with Title 28; and (3) a response to defendant's motion for imposition of filing restrictions.  See Docket Nos. 26, 27, and 28.  None of these pleadings rebut any argument presented by the defendant in his motion to dismiss or in defendant's motion for imposition of filing restrictions against the plaintiff.

## Conclusion

Plaintiff has presented no evidence to overcome the numerous fatal deficiencies in his complaint or in his subsequent filings with the Court.  He has also presented no evidence to rebut defendant's arguments in defendant's Motion for Imposition of Filing Restrictions Against Plaintiff.

For the foregoing reasons, Defendant's Motion for Imposition of Filing Restrictions Against Plaintiff should be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Reply in Support of the Motion for Imposition of Filing Restrictions Against Plaintiff has been mailed, postage prepaid, this 15th day of March, 2006 to:

John Hyland, Jr.
#228879
Parnall Correctional Facility
1790 Parnall
Jackson, MI  49201

                                                                        /s/
                                                   John Henault
                                                   Assistant United States Attorney