UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JOHN HYLAND,                   )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 05-1878 (RBW)
                               )
GEORGE BUSH,                   )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

On September 22, 2005, the plaintiff commenced this action alleging that the President of the United States, along with others, conspired to "fix" the appointment of the Chief Justice of the United States. Complaint ("Compl.") ¶ 4. The complaint also alleges that the President lacked lawful authority to appoint the Chief Justice. Id. ¶ 5. The President has now filed a motion to dismiss on the grounds that this Court lacks jurisdiction to entertain the plaintiff's claims, the plaintiff has failed to state a claim upon which relief may be granted, the plaintiff did not personally serve him, and the plaintiff's complaint presents a non-justiciable political question. Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss") at 2. For the following reasons, this Court grants the defendant's motion to dismiss for lack of subject matter jurisdiction.[1]

---

[1] Currently before the Court are a number of other motions. The plaintiff has filed the following motions: (1) Plaintiff's Motion to Appoint Magistrate; (2) Pro Se Plaintiff's Motion to Dismiss Defendant's Legal Staffs' Motion for Leave to File Motion to Dismiss; (3) Plaintiff's Motion and Brief for Sanctions: Be Imposed Upon Defendant's Attorneys et al Legal Staff; (4) Plaintiff Requests This Court to Order "All Supreme Court Orders are Void Ab Initio Beginning Date John Roberts Took Office as: "Chief Justice"; (5) Plaintiff's Motion for this Court to Order that: Designation: "Chief Justice" is Unique; (6) Plaintiff's Motion for Reconsideration En Banc; (7)

(continued...)

## I. Background

"On November 26, [2000], the Florida Elections Canvassing Commission certified the results of the [2000 Presidential] election and declared Governor [George W.] Bush the winner of Florida's 25 electoral votes." Bush v. Gore, 531 U.S. 98, 101 (2000). Vice President Albert Gore contested the result, and the Florida Supreme Court "ordered a hand recount of the 9,000 ballots cast in Miami-Dade County." Id. at 101-02. Governor Bush then filed an emergency application to the United States Supreme Court to stay the recount. Id. at 100. The recount was stayed, and the Supreme Court granted certiorari on December 9, 2000. Id. On December 12, 2000, the Supreme Court concluded that the ordered recount violated the Equal Protection Clause of the United States Constitution and reversed the decision of the Florida Supreme Court. Id. at 103, 111. Governor Bush was subsequently sworn in as President of the United States on January 20, 2001. President Bush was re-elected to serve a second term as President in 2004.

Shortly after Justice Sandra Day O'Connor announced her retirement from the United States Supreme Court in 2005, President Bush nominated Circuit Court Judge John G. Roberts to fill the vacancy. However, prior to the United States Senate having the opportunity to consider Judge Roberts' nomination as an Associate Justice, Chief Justice William Rehnquist died. President Bush then nominated Judge Roberts for the position of Chief Justice of the Supreme Court. The Senate confirmed Judge Roberts's nomination for Chief Justice, and he took the judicial oath and assumed that position on September 29, 2005.

---

[1](...continued)
Plaintiff's Request for: Reconsideration and Order: "President of the United States" Does Not Possess Jurisdiction to Appoint a Chief Justice of United States Supreme Court; (8) Plaintiff's Motion and Brief to Add Party Defendant: United States of America; and (9) Plaintiff's Motion for this Court to Comply with Title 28 Rule 52(a)(b)(c). The defendant has filed a Motion for Imposition of Filing Restrictions against the plaintiff. Because the Court lacks jurisdiction over the plaintiff's claim, all of these motions are denied as moot.

The plaintiff claims that President Bush and unknown accomplices conspired to "fix" the appointment of Chief Justice Roberts. Compl. ¶¶ 4, 6. The plaintiff further claims that the President took this action to repay debts to private parties who conspired with then-Chief Justice Rehnquist to fix the outcome of the 2000 Presidential election in Florida. Id. ¶ 7. Based on these allegations, the plaintiff requests a judgment in the amount of $700,000, payable in equal shares to his children.[2] Id. at 13.

## II. The Parties' Arguments

The defendant requests dismissal of the complaint. Def.'s Mot. to Dismiss at 2. The defendant first claims that this Court lacks jurisdiction to hear the plaintiff's claims because the United States has not waived its sovereign immunity to allow Constitutional or statutory claims to be made against the President when he acts in his official capacity. Id. at 4. The defendant also argues that the plaintiff has not alleged specific facts to support his claims and that, in any case, the suit presents a non-justiciable political question. Id. at 5-6. Finally, the defendant opines that dismissal is appropriate because the plaintiff failed to personally serve the defendant. Id. at 7.

In several responsive filings, the plaintiff reiterates the claims alleged in his complaint and argues for reversal of an earlier order of this Court.[3] Pro Se Plaintiff's Motion to Dismiss

---

[2] The plaintiff also requests that the confirmation of the Chief Justice be stayed pending the outcome of this suit, that the Supreme Court elect a Chief Justice within seven days, and that the Chief Justice be selected pursuant to the procedures enumerated in Title 28 of the United States Code. Compl. at 13. Given that Chief Justice Roberts is already serving on the Supreme Court, the requested relief is moot.

[3] The defendant did not file an answer or otherwise respond to the plaintiff's complaint as required by Federal Rule of Civil Procedure 12, and on December 28, 2005, the Clerk of this Court entered a default against the defendant. The default was vacated by order of this Court on January 25, 2006. For the reasons stated in that Order, the default was properly vacated and there is no basis for altering that ruling.

Defendant's Legal Staffs' [sic] Motion for Leave to File Motion to Dismiss ("Pl.'s Mot. to Dismiss") at 5-6; Plaintiff's Reply to Defendant's Legal Staff [sic] Out of Time Reply to Civil Complaint ("Pl.'s Reply to Def.'s Mot. to Dismiss") at 6-7; Plaintiff's Reply Brief to: Defendant's Motion to Vacate Default Judgment and Motion for Leave to File Motion to Dismiss ("Pl.'s Reply to Def.'s Mot. for Leave") at 9-10. Accordingly, the defendant requests that this Court treat the plaintiff's failure to address his arguments as concessions of the accuracy of his positions. Defendant's Reply to Plaintiff's Motion for Sanctions, Motion to Dismiss Defendant's Motion for Leave and Plaintiff's Response to Defendant's Motion to Dismiss ("Def.'s Reply") at 1-2.

### III. Standard of Review

The defendant moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction over his claims by a preponderance of the evidence. Bennett v. Ridge, 321 F. Supp. 2d 49, 51 (D.D.C. 2004), aff'd, 425 F.3d 999 (D.C. Cir. 2005). While the Court "must accept the complaint's well pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor," Thompson v. Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000); see also Scandinavian Satellite System v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir. 2004), the Court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Zhengxing v. Nathanson, 215 F. Supp. 2d 114, 116 (D.D.C. 2002) (citation omitted). In order for the court to grant a Rule 12(b)(1) motion, it must "'appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Loughlin v.

United States, 393 F.3d 155, 162-63 (D.C. Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## IV. Legal Analysis

The doctrine of sovereign immunity limits a court's authority to hear a case by shielding the United States from suit. See United States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign immunity is jurisdictional in nature; the United States must therefore consent to be sued in order for a court to have jurisdiction over the suit filed against it. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity bars a suit for money damages against the federal government, its agencies, and its employees sued in their official capacity, unless the government has waived such immunity. Meyer, 510 U.S. at 475; Clark v. Library of Congress, 750 F.2d 89, 102-03 (D.C. Cir. 1984); Cronauer v. United States, 394 F. Supp. 2d 93, 96 (D.D.C. 2005). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)); Tozzi v. Environmental Protection Agency, 148 F. Supp. 2d 35, 47 (D.D.C. 2001) (quoting King, 395 U.S. at 4).

The plaintiff asserts that President Bush, while acting in his official capacity as President, violated the plaintiff's constitutional rights by conspiring to fix the appointment of Chief Justice Roberts as the Chief Justice of the United States Supreme Court. Compl. ¶ 4. The plaintiff also requests civil damages in the amount of $700,000. Id. at 13. There can be no doubt that this case involves an action against a federal government employee and is therefore precluded by sovereign immunity, absent a waiver by the United States. See Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 (D.C. Cir. 1985) (holding that a claim for monetary damages cannot lie against the President because the Alien Tort Statute does not waive sovereign immunity). Compare Humane

Soc'y of the United States v. Clinton, 236 F.3d 1320, 1333 (Fed. Cir. 2001) (holding that the President is not immune from suit under 28 U.S.C. § 1581 because the statute contains a co-extensive waiver of sovereign immunity).

In his complaint, the plaintiff asserts that this Court has jurisdiction over his claim pursuant to 28 U.S.C. §§ 1331, 1332, and 1335, as well as the "RICO statutes" and the Constitution.  Compl. ¶¶ 1-4.  None of these statutes, nor does the Constitution, contain any express waiver of sovereign immunity applicable to this case.  See, e.g., Clopton v. Dep't of Navy, No. 95-5362, 1996 WL 680189, at *1 (D.C. Cir. Oct. 30, 1996) (noting that 28 U.S.C. § 1331 "does not provide a separate waiver of sovereign immunity for suits against the government"); United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989) (declining to raise the prospect of governmental exposure to RICO liability given the strong judicial presumption against waivers of sovereign immunity).  Further, the plaintiff appears to admit, as he must, that the President is immune from suit.[4]  Thus, even drawing all reasonable inferences in the plaintiff's favor, this Court must nonetheless find that he has not established that there has been an express waiver of the United States' sovereign immunity.  The Court must therefore dismiss this action because it is without subject matter

---

[4] Plaintiff's Motion and Brief to Add Party Defendant: United States of America ("Pl.'s Mot. to Add Party") at 2 ("NOW COMES Plaintiff . . . with 'newly discovered evidence' that the current defendant President George Bush, is 'immune' from civil complaint." (emphasis in original)).  In the same motion, the plaintiff seeks to substitute the United States Government as a defendant. Id.  However, even if this substitution were allowed, the plaintiff's complaint would fail for the same reason this action cannot be maintained against the President.  Sovereign immunity bars a suit for money damages against the federal government, its agencies, and its employees who are sued in their official capacity, unless the government has waived its soverign immunity.  FDIC v. Meyer, 510 U.S. 471, 475 (1994); Clark v. Library of Congress, 750 F.2d 89, 102-03 (D.C. Cir. 1984); Cronauer v. United States, 394 F. Supp. 2d 93 (D.D.C. 2005).

jurisdiction.[5]

### III. Conclusion

For the reasons set forth above, the Court concludes that the plaintiff has failed to satisfy his burden of establishing that this Court has subject matter jurisdiction over his claim against President Bush. Consequently, the defendant's motion to dismiss is granted. All other unresolved motions that have been filed in this case must also be dismissed as moot.

**SO ORDERED** this 19th day of April, 2006.

_____
REGGIE B. WALTON
United States District Judge

---

[5] Even if this Court could conclude that sovereign immunity was waived, which it cannot, the plaintiff's claim against the President would still have to be dismissed. The President enjoys absolute immunity from liability for civil damages based on his official acts. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HYLAND, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1878 (RBW) |
| GEORGE BUSH, | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of the defendant's motion to dismiss the complaint, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendants' motion to dismiss the plaintiff's complaint is **GRANTED**. It is further

**ORDERED** that the above-captioned case is **DISMISSED**. It is further

**ORDERED** that all other unresolved motions are **DENIED AS MOOT**.

**SO ORDERED** this 19th day of April, 2006.

_____
REGGIE B. WALTON
United States District Judge