RECEIVED
AUG 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
    Plaintiff,

    -vs-

United States of America.
    Defendant.

and: President George Bush,
    Defendant,

    (Formerly: Exclusively Defendant: President George Bush)

    Case No. 1:05CV01878

    Honorable: JUDGE: Reggi's B. Walton.

---

JURY DEMAND

CLAIM EXCEEDS $ 50,000.


PLAINTIFF'S MOTION FOR:

CERTIFICATE OF APPEALABILITY

---

August 17, 2006

Respectfully submitted,

John Vincent Hyland, Jr.,
Plaintiff, pro se

PLAINTIFF'S MOTION FOR:

CERTIFICATE OF APPEALABILITY

---

NOW COMES, Plaintiff, John Vincent Hyland, Jr., and requests this honorable district court to **GRANT** this motion for:

CERTIFICATE OF APPEALABILITY.

1. Title 28 - JUDICIARY AND JUDICIAL PROCEDURE, Supreme Court rules, clearly mandate the procedure of accession of a justice of the Supreme Court up to the office designation of Chief Justice of the Supreme Court, namely:

§ 3. Vacancy in office of Chief Justice; disability
"Whenever the Chief Justice is unable to perform the duties of his office or the office vacant, his powers and duties shall devolve upon the associate justice next in precedence who is able to act, until such disability is removed or another Chief Justice is appointed and duly qualified."

§ 4. Precedence of associate justices.
Associate justices shall have precedence according to the seniority of their commissions. Justices whose commissions bear the same date shall have precedence according to seniority in age."

2. Constitution, Article II Section 2. [2] provides that "the President [s]hall have Power, ... [a]nd he shall nominate ... [J]udges of the Supreme Court," ... [b]ut the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

3. Petitioner's CAUSES OF ACTION in District Court recite these provisions over and over upon deaf and dumb ears of Circuit Court judge and defendant's legal staff.

4. There is NO PROVISION for the President to "APPOINT A CHIEF JUSTICE TO THE SUPREME COURT" none, none, none.

5. Clerk of District Court entered a default judgment against defendant for not filing responses to this Plaintiff's SERVICE OF COMPLAINT and "PROOFS OF SERVICE" upon the District

1

Court, District of Columbia.

6. District Court judge dismissed the clerk's <u>entry of DEFAULT JUDGMENT</u> that was ENTERED appropriately in accordance with Rule of Civil Procedure, Rule 55, DEFAULT.

7. District Court judge dismissed the clerk's ENTRY OF DEFAULT JUDGMENT that was entered pursuant to the RULES OF CIVIL PROCEDURE RULE 55.

8. Plaintiff submitted a TIMELY "PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT."

9. District Court judge has never made a finding of facts nor a RULING disposing of Plaintiff's timely MOTION FOR DEFAULT JUDGMENT.

10. Plaintiff alleges that it was MORE THAN SIX MONTHS from entry of his MOTION FOR DEFAULT JUDGMENT when he filed ANOTHER motion requiring the trial judge to adjudicate plaintiff's MOTION FOR DEFAULT JUDGMENT.

11. Trial judge has <u>never</u> issued an ORDER granting nor denying Plaintiff's MOTION FOR DEFAULT JUDGMENT filled and ENTERED by the Clerk as: Entry <u>8</u>, 01/03/2006 :

"MOTION FOR DEFAULT JUDGMENT as to defendant by JOHN VINCENT HYLAND, JR. (td,) (Entered: 01/11/2006)
Exhibit.

12. On July 17, 2006, Plaintiff filed motion:

PLAINTIFF'S DEMAND FOR REHEARING
            "ERROR CORAM NOBIS"
            FOR REINSTATMENT.
            ———————

2

13. Plaintiff alleges that the OBVIOUS issue is "CARTE BLANCHE" dismissal by district court judge is prejudiced and UNLAWFUL whereas the defendant's attorneys failed to address the complaint, failed to address Plaintiff's TIMELY:

"PLAINTIFF"S MOTION FOR ENTRY OF DEFAULT JUDGMENT."

14. Plaintiff alleges whereas a TIMELY and PROPER MOTION for DEFAULT JUDGMENT is entered but NEVER adjudicated by the trial court, then the COURT OF APPEALS has duty and jurisdiction to <u>GRANT</u> plaintiff's MOTION FOR ENTRY OF DEFAULT JUDGMENT and ORDER GRANTING THE RELIEF REQUESTED.

15. WHEREAS district court judge has failed to follow the RULES OF CIVIL PROCEDURE then it is appropriate and LAWFUL for the Court of Appeals to <u>reverse</u> the lower court and <u>GRANT</u> the relief requested by plaintiff.


## CONCLUSION

16. This Court <u>must</u> make a "finding of facts" as to the CIVIL COMPLAINT, pro se, and as to Plaintiff's <u>UNCONTESTED</u> Motion For Entry of Default Judgment, entry # 8, January 3, 2006.

Plaintiff alleges that: A case cannot be CLOSED where there are motion(s) pending.

Judge Reggie Walton acted outside jurisdiction and denied Plaintiff herein an <u>"EQUAL APPLICATION OF CONSTITUTION"</u> re Amendment 14.

## RELIEF REQUESTED

17. This court is duty-bound to GRANT Plaintiff's MOTION FOR DEFAULT JUDGMENT entered January 3, 2006, entry # 8.

18. This court must make a "FINDINGS OF FACT" as to Plaintiff's MOTION FOR ENTRY OF DEFAULT JUDGMENT.

19. This Court MUST make a findings of fact as to authority of or lack of authority of President George Bush's "non-constitutional" appointment of a Chief Justice to the Supreme Court where defendant George Bush has failed provide any argument against Plaintiff's allegations that Defendant was without lawful jurisdiction to APPOINT a CHIEF JUSTICE TO THE SUPREME COURT.

re: Rules § 3 and § 4 of Supreme Court, supra and as COMPLAINED of in Plaintiff's CIVIL COMPLAINT - JURY DEMAND.

20. Whereas this Court has dismissed this CIVIL COMPLAINT but has FAILED to adjudicate Plaintiff's MOTION FOR DEFAULT JUDGMENT, supra, and whereas defendant has FAILED to address the ISSUE that the President is without lawful authority to APPOINT A: "CHIEF JUSTICE TO THE SUPREME COURT OF THE UNITED STATES OF AMERICA", then it follows that PLAINTIFF WINS.

21. Plaintiff MUST BE GRANTED THE RELIEF REQUESTED on the merits of DEFAULT of DEFENDANT and Defendant's FAILURE TO ANSWER the CAUSES OF ACTION and MOTION FOR DEFAULT JUDGMENT.

22. Plaintiff DEMANDS enforcement of:

FOURTEENTH AMENDMENT:

"EQUAL APPLICATION OF THE LAWS."

August 17, 2006

Respectfully submitted,

John Vincent Hyland, Jr.,
Plaintiff, pro se

4

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

---

John Vincent Hyland, Jr.,
 Plaintiff,

-vs-

United States of America.
 Defendant.

and: President George Bush,
 Defendant,

(Formerly: Exclusively Defendant: President George Bush)
_____/

Case No. 1:05CV01878

Honorable: <u>JUDGE: Reggis B. Walton.</u>

JURY DEMAND

CLAIM EXCEEDS $ 50,000.

PROOF OF SERVICE

 NOW COMES, Plaintiff, pro se, John Vincent Hyland, Jr., and swears under penalty of perjury that he placed the following in the mail with first class postage affixed, August 17, 2006.

 Re:

PLAINTIFF'S MOTION FOR:
CERTIFICATE OF APPEALABILITY

---

 1. Two copies to: CLERK, U.S. District Court, District of Columbia, U.S. Courthouse, 333 Constitution Avenue, N.W. Washington, D.C. 20001.

 2. One copy to DEFENDANT'S attorneys:
U.S. Attorney, 501 3rd Street, NW, Washington, D.C. 20001
and
 U.S. Attorney General, D.O.J. 650 Pennsylvania Ave., NW, Washington, D.C. 20530.
and
 One copy to: President George Bush, WHITE HOUSE OFFICE, 1600 Pennsylvania Ave., NW, Washington, D.C. 20001.

August 17, 2006

              Respectfully submitted,
              John Vincent Hyland, Jr.,
                Plaintiff, pro se
                  #228879
               Parnall Correctional
          1790 Parnall, Jackson, MI 49201