UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN VINCENT HYLAND, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1878 (RBW) |
| ) | |
| GEORGE W. BUSH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On September 22, 2005, the pro se plaintiff filed a complaint against George W. Bush, President of the United States ("the defendant"), alleging that the defendant, along with unknown accomplices, conspired to "fix" the appointment of John G. Roberts, Jr. as Chief Justice of the United States Supreme Court and place him unlawfully "into the highest judicial position in the United States," Complaint ("Compl.") ¶ 4 (capitalization removed); see generally Compl. at 1-3. The complaint also alleges that the President lacked lawful authority to appoint the Chief Justice. Id. ¶ 5. On April 19, 2006, the Court dismissed with prejudice the plaintiff's Complaint for lack of subject matter jurisdiction. April 19, 2006 Order.

Currently before the Court is the Plaintiff's Motion For Certificate of Appealability.[1] This motion must be denied because it is duplicative of previous motions filed by the plaintiff on February 13 and 16, 2006 and raises claims alleged by the plaintiff that this Court previously addressed in its orders of January 25, 2006 and April 19, 2006. Moreover, it appears that the

---

[1] The plaintiff's Motion For Certificate of Appealability appears to be a motion for reconsideration of the Court's rulings on the plaintiff's Motion for Entry of Default Judgment and the defendant's Motion to Dismiss. January 25, 2006 Order; April 19, 2006 Order.

plaintiff is intent on continuing to file frivolous motions in this case until he has achieved a favorable result, an impossible outcome that wastes considerable judicial resources. See Hyland v. Roberts, No. 06-1439, slip. op. at 2 (D.D.C. Sept. 19, 2006). The Court therefore summarily bars the plaintiff from filing any additional motions in connection with Civil Action No. 05-1878 or any further complaints relating to the removal of Chief Justice Roberts from the United States Supreme Court.[2] See In re Green, 669 F.2d 779, 787 (D.C. Cir. 1981) (directing district court to enter order requiring pro se litigant to certify, when filing a civil action, "that the claims he wishes to present are new claims never before raised or disposed of on the merits by any federal court"); accord Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (noting that courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others," and thus have "considerable discretion" to fashion injunctive remedies limiting the filing of frivolous litigation). The plaintiff has had a full and fair opportunity to present and litigate his claims, and therefore will not be prejudiced by the entry of this order. See Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980) (upholding district court's injunction preventing pro se litigant from refiling "any cause of action arising from the fact situation at issue in [that] case"). Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for Certificate of Appealability is **DENIED**. It is further

**ORDERED** that the plaintiff is barred from filing additional motions in connection with Hyland v. Bush, Civil Action No. 05-1878. It is further

---

[2] The plaintiff may, of course, file an appeal of this Court's rulings, to the extent that appeals are permitted by, and in accordance with, the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit and the Federal Rules of Appellate Procedure.

**ORDERED** that the plaintiff is barred from filing future complaints relating to the appointment of Chief Justice Roberts as Chief Justice of the United States Supreme Court.

**SO ORDERED** this 9th day of January, 2007.

/s/_____
REGGIE B. WALTON
United States District Judge